SUSANA ALCALA WOOD, City Attorney (156366)
ARDELL JOHNSON, Assistant City Attorney (95340)
MAREN CLOUSE, Chief Deputy City Attorney (228726)
BRIAN LOFTUS, Sr. Deputy City Attorney (300887)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for City of San Jose and
Officer Rocha #5077

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GEORGE VERDUGO,<br>Plaintiff(s),<br>v.<br>CITY OF SAN JOSE; OFFICER ROCHA #5077, and DOES 1-10, inclusive,<br>Defendant(s). | Case Number: 25-cv-08776-SVK<br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br>Date: December 23, 2025<br>Time: 10:00 a.m.<br>Courtroom: Courtroom 6, 4th Floor<br>Judge: Hon. Susan van Keulen |

**NOTICE OF MOTION AND MOTION TO DISMISS**

Please take notice that on or before December 23, 2025 at 10:00 a.m., or as soon thereafter as the matter may be heard by the Court, Defendants CITY OF SAN JOSE (the "City") and OFFICER ROCHA #5077 will and hereby do move to dismiss all Causes of Action of the Complaint asserted against the City and Officer Rocha by Plaintiff GEORGE VERDUGO ("Plaintiff") and move to dismiss claims asserted against Does 1 through 10.

Defendants bring this motion under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff alleges bare legal conclusions against Officer Rocha and Does 1-10 and

he fails to state any claim that he asserts against the City under 42 U.S.C. § 1983. The motion is based on this Notice of Motion and accompanying Memorandum of Points and Authorities, all of the pleadings and papers on file, and any oral argument that may be made at the hearing of this matter.

Respectfully submitted,

SUSANA ALCALA WOOD, City Attorney

Dated: November 14, 2025

By: */s/ Brian Loftus*
BRIAN LOFTUS
Sr. Deputy City Attorney

Attorneys for City of San Jose and Officer Rocha

## STATEMENT OF ISSUES TO BE DECIDED

1) Are Plaintiff's allegations of unlawful entry and arrest and due process violations insufficient to establish liability against Officer Rocha and Does 1-10 under 42 U.S.C. § 1983 because they are conclusory, vague, and lacking in factual support?
2) Should the City of San Jose and Doe Defendants 1 through 10 be dismissed because Plaintiff fails to state any claim against them and because Doe pleading is generally not permitted in federal court?

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff alleges that on October 15, 2023, San Jose Police Department ("SJPD") Officer Miguel Rocha and other officers entered his home with consent from a co-tenant and arrested him for indecent exposure, California Penal Code § 314. Plaintiff claims that prior to his arrest he told Officer Rocha that he did not consent to Officers entering his home and they must leave but that he was arrested despite his protestations. Plaintiff alleges Officer Rocha's conduct violated the Fourth Amendment and asserts claims under 42 U.S.C. § 1983. Though he names them in his Complaint, Plaintiff does not assert any claim against the City.

Plaintiff's allegations are inadequate and do not comply with the pleading requirements set forth by the U.S. Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 577 (2007). Plaintiff simply concludes that his arrest was a violation of the Fourth Amendment. He fails to provide specific factual allegations to support the conclusion that Officer Rocha's entry to his home was unlawful. Notably, Plaintiff acknowledges that a co-tenant gave officers consent to enter the residence to place Plaintiff under arrest. Further, Plaintiff concludes that Officer Rocha detained and arrested Plaintiff without a lawful basis. Plaintiff again fails to provide any factual allegations. For these and the reasons specified below, the Defendants respectfully requests the Court dismiss Plaintiff's complaint against Officer Rocha and Does 1-10. Defendants further request dismissal of the City against whom Plaintiff fails even to assert a claim.

### II. PLAINTIFF'S ALLEGATIONS

The following are the pertinent, limited allegations of fact contained in Plaintiff's Complaint regarding Plaintiff's encounter with SJPD Officer Rocha. Defendants recite the facts as alleged in paragraphs 8-12 verbatim.

On October 15, 2023, San Jose Police Department officers, including Officer Rocha, entered Plaintiff's residence without a warrant. (Complaint "Comp." ¶ 8.)

Officers claimed they had consent to enter from a co-tenant. Plaintiff was present and repeatedly informed the officers that they did not have his consent to enter and must leave. (Comp. ¶ 9.)

Despite Plaintiff's objections, officers remained inside, detained, and arrested Plaintiff for alleged violation of California Penal Code § 314. Plaintiff was booked and released later the same evening (CEN 2303479; PFN EEK192). (Comp. ¶ 10.)

The Santa Clara County District Attorney declined to file charges. (Comp. ¶ 11.)

Plaintiff suffered emotional distress, including anxiety, fear of police contact, sleep disruption, and strain on his ability to care for his elderly mother. (Comp. ¶ 12.)

On the basis of those limited facts, Plaintiff asserts claims against Officer Rocha and Does 1-10 for: violation of 42 U.S.C. section 1983 for unlawful entry and arrest under the Fourth Amendment and; violation of 42 U.S.C. section 1983 for due process violation under the Fourth Amendment.

## III. ARGUMENT

### A. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "sufficient facts 'to state a facially plausible claim to relief.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. On a motion to dismiss, allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions are not entitled to a presumption of truth, and pleading standards require "… more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 577). Dismissal under Rule 12(b)(6) "is proper if there is a 'lack of a cognizable legal theory or the absence

of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar, supra,* 646 F.3d at 1242 (citing *Balistreri v. Pacifica Police* Dep't, 901 F.2d 696, 699 (9th Cir. 1999)).

**B. Plaintiff fails to state a § 1983 claim against Officer Rocha.**

Plaintiff's Complaint fails under the pleading standards developed in *Twombly* and *Iqbal*. Plaintiff alleges Officer Rocha entered the residence without valid consent. Comp ¶ 14. But he does not allege any facts that would explain why that is so. Indeed, the facts he alleges are to the contrary: Officer Rocha obtained consent from a co-tenant. Comp ¶ 9. Plaintiff provides no allegations about the co-tenant or, more importantly, how the consent they provided was invalid or inadequate to permit officers' entry and how his objection to officer's presence in his home to place him under arrest somehow negated the consent. For all that appears from the Complaint, the co-tenant had every right to consent to officers' entry to protect her from Plaintiff's indecent exposure or other criminal conduct. For instance, in *Georgia v. Randolph*, 547 U.S. 103, 118 (2006), the Court held that "the question whether the police might lawfully enter over objection in order to provide any protection that might be reasonable is easily answered yes." The Court went on to explain that "[E]ven when . . . two persons quite clearly have equal rights in the place, as where two individuals are sharing an apartment on an equal basis, there may nonetheless sometimes exist a basis for giving greater recognition to the interests of one over the other . . .. [W]here the defendant has victimized the third-party . . . the emergency nature of the situation is such that the third-party consent should validate a warrantless search despite defendant's objections." *Id.* (quotation omitted). Here, Plaintiff does not present any facts that would suggest there was a reason to give greater weight to his co-tenant's consent. Rather, Plaintiff simply assumes that his lack of consent to officers entering his home to place him under arrest somehow overrode the consent of his co-tenant. As a result, Plaintiff fails to assert facts from which it could be concluded that Officer Rocha and Does 1-10 violated Plaintiff's rights.

///

### C. The City and Doe Defendants should be dismissed.

The Complaint alleges that the City is a party (Comp ¶ 4) but does not refer to the City or identify it as a defendant in any cause of action. Nor does the Complaint otherwise refer to the City, anything the City is alleged to have done, or any reason why the City is responsible for the asserted Fourth Amendment violation. *See Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978) (a municipality can be liable only when its own policy causes the unconstitutional conduct). The City should be dismissed.

The Complaint alleges that "Does" 1 through 10 are parties (Comp ¶ 6) and vaguely alleges they were in his home and somehow involved in the arrest but does not provide any facts about what any of the Does supposedly did. They should be dismissed.

The Doe Defendants should be dismissed as parties for the additional reason that Doe pleadings are generally not permissible in federal court and the Federal Rules of Civil Procedure do not specifically allow for them. *Villareal v. Cty. of Monterey*, 254 F.Supp.3d 1168, 1194 (N.D. Cal. 2017) (general allegations of wrongdoing by Doe defendants fail to provide "fair notice" to allow a defendant to defend itself and "the use of 'John Doe' to identify a defendant is not favored"); *Quinn v. Cty. of Monterey*, 2023 WL 6389748, *1, n. 1 (N.D. Cal. 2016) ("'[g]enerally, 'Doe' pleading is improper in federal court"); *Lewis v. Doe*, 2016 WL 4411818, *4 (N.D. Cal. 2016) ("Federal courts do not generally permit the use of Doe defendants").

## IV. CONCLUSION

Defendants respectfully request the Court dismiss Plaintiff's claims asserted in his Complaint. Plaintiff fails to plead any facts relevant to the issue of consent or the circumstances underlying his arrest. Rather, the Complaint is based solely on conclusory allegations regarding his objection to Officer Rocha placing him under arrest. For these reasons, Defendants respectfully submit that Plaintiff's claims under 42 U.S.C. § 1983 fail as a matter of law and request dismissal of these claims under Federal Rule of Civil Procedure 12(b)(6) as to all defendants.

///

Respectfully submitted,

SUSANA ALCALA WOOD, City Attorney

Dated: November 14, 2025

By: _/s/ Brian Loftus_
BRIAN LOFTUS
Sr. Deputy City Attorney

Attorneys for City of San Jose and Officer Rocha

## PROOF OF SERVICE

CASE NAME: *George Verdugo v. City of San Jose, et al.*
CASE NO.: 25-cv-08776-SVK

I, the undersigned declare as follows:

I am over 18 years of age and not a party to this action. My business address is 200 East Santa Clara Street, San Jose, California 95113-1905, and is located in the county where the service described below occurred.

On November 14, 2025, I caused to be served the within:

1. **Defendants' Notice of Motion and Motion to Dismiss Complaint**
2. **Defendants' Proposed Order re Motion to Dismiss Complaint**

☒ by MAIL, with a copy of this declaration, by depositing them into a sealed envelope, with postage fully prepaid, and causing the envelope to be deposited for collection and mailing on the date indicated above.

I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. Said correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

☒ by ELECTRONIC TRANSMISSION, with a copy of this declaration, to an electronic address listed below.

Addressed as follows:

George Verdugo
2984 Almond Drive
San Jose, CA 95148
georgeverdugo@gmail.com

*Plaintiff, Pro Se*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 14, 2025, at San Jose, California.

*/s/ Brandi Lecomte*
Brandi Lecomte