GEORGE VERDUGO
2984 Almond Drive
San Jose, CA 95148
408 401 5636
georgeverdugo@gmail.com

Plaintiff, Pro Se

FILED
DEC 12 2025
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GEORGE VERDUGO,<br>Plaintiff,<br>vs.<br>CITY OF SAN JOSÉ; OFFICER ROCHA (#5077); DOES 1–50,<br>Defendant(s) | Case No. 5:25-cv-08776-SVK<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO EXTEND TIME TO FILE REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF COMPLAINT**<br><br>Date: TBD on Submission<br>Time: 10:00 a.m.<br>Courtroom: Courtroom 6, 4th Floor<br>Judge: Hon. Susan van Keulen |

Plaintiff George Verdugo submits this Opposition to Defendants' Administrative Motion for Extension of Time. This Opposition is supported by the Declaration of George Verdugo, filed concurrently, and Exhibits A (postmarked mailing envelope), B (Defendants' Proof of Service dated November 14, 2025), and C (PACER Docket Report).

## I. INTRODUCTION

Defendants' administrative motion is based on the incorrect premise that Plaintiff's Opposition was untimely and on the further assertion that Plaintiff refused to stipulate to an extension. Both are incorrect. The Motion to Dismiss was mailed on November 17, not November 14, and Plaintiff's December 4 Opposition was therefore timely under the governing rules. Plaintiff

did not refuse an extension; he declined to adopt Defendants' incorrect deadline calculation. Because the motion rests on inaccurate facts and a misapplication of the rules, it should be denied.

## II. PLAINTIFF'S OPPOSITION WAS TIMELY

### A. Plaintiff never consented to electronic service

Under FRCP 5(b)(2)(E), electronic service requires written consent. Plaintiff has never consented to electronic service. (Verdugo Decl. ¶ 9.) The applicable service date is therefore the date of mailing established under FRCP 5(b)(2)(C).

### B. The correct mailing date is November 17, 2025

Exhibit A shows that the Motion to Dismiss was actually mailed on November 17, 2025, as reflected by the postage meter date on the envelope. (Verdugo Decl. ¶ 9.) Exhibit B lists November 14, 2025 as the date on Defendants' Proof of Service ("POS"), which Defendants incorrectly asserted as the mailing date. Defendants relied on this incorrect POS date—not any action by Plaintiff—to conclude that Plaintiff's Opposition was late. (Verdugo Decl. ¶ 9; Exh. B.) Under FRCP 5(b)(2)(C), service by mail is complete upon mailing, and the mailing date is established by the postage meter on the envelope. The only reliable evidence of mailing is November 17.

### C. Applying the correct mailing date, Plaintiff's Opposition was timely

Using November 17 as the service date, Plaintiff's opposition deadline under Civil Local Rule 7-3(a) fell on December 1, 2025. Under FRCP 6(d), three additional days are added for service by mail, extending the deadline to December 4, 2025. Plaintiff filed his Opposition on December 4,

exactly within the time permitted by the rules. (Verdugo Decl. ¶ 3.) Defendants' assertion that Plaintiff filed "late" is therefore incorrect as a matter of law.

**III. PLAINTIFF DID NOT REFUSE AN EXTENSION—DEFENDANTS REFUSED RECIPROCITY**

Plaintiff did not reject an extension categorically. Plaintiff asked Defendants to stipulate that the Opposition was timely. Defendants refused to do so and continued relying on the incorrect POS date rather than the actual mailing date. (Verdugo Decl. ¶¶ 12–13.) Plaintiff's refusal was therefore not a refusal to extend time, but a refusal to accept Defendants' incorrect position regarding timeliness.

**IV. DEFENDANTS SHOW NO PREJUDICE**

The Motion to Dismiss raises purely legal issues that are already fully presented. Plaintiff's Opposition did not raise any new legal claims requiring additional briefing; it merely responded to the arguments Defendants themselves chose to raise in their Motion to Dismiss. Defendants identify no specific prejudice that would result from proceeding on the original schedule. Courts routinely deny extensions where the movant fails to articulate concrete prejudice.

**V. DEFENDANTS CANNOT SATISFY CIVIL L.R. 6-3**

Civil Local Rule 6-3 requires reasonable diligence, identification of substantial harm if the request is denied, and a clear explanation of why the extension is necessary. Defendants satisfy none of these requirements. Mr. Loftus contacted Plaintiff on December 5, after Plaintiff filed his Opposition and after the correct deadline had passed. His perceived urgency arose entirely from Defendants' reliance on the incorrect POS date, not from any action by Plaintiff. (Verdugo Decl. ¶

12.) The issues raised in the Motion to Dismiss were legal and already briefed. Nothing in Plaintiff's Opposition required factual investigation or discovery. Defendants have not identified any concrete harm that would result from following the schedule set by the rules.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Administrative Motion for Extension of Time. If the Court grants any extension, Plaintiff requests corresponding reciprocal relief to avoid prejudice.

Dated: December 11, 2025

George Verdugo
Plaintiff, Pro Se