SUSANA ALCALA WOOD, City Attorney (156366)
ARDELL JOHNSON, Assistant City Attorney (95340)
MAREN CLOUSE, Chief Deputy City Attorney (228726)
BRIAN LOFTUS, Sr. Deputy City Attorney (300887)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for City of San Jose and
Officer Rocha #5077

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GEORGE VERDUGO,<br><br>Plaintiff(s),<br><br>v.<br><br>CITY OF SAN JOSE; OFFICER ROCHA #5077, and DOES 1-10, inclusive,<br><br>Defendant(s). | Case Number: 25-cv-08776-SVK<br><br>**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date: TBD on Submission<br>Time: 10:00 a.m.<br>Courtroom: Courtroom 6, 4th Floor<br>Judge: Hon. Susan van Keulen |

Plaintiff has filed an Opposition to Defendants' Motion to Dismiss (Dkt. 20, hereinafter "Opp"). Defendants here reply.

**ARGUMENT**

The question in this case is a simple one: did Plaintiff pled sufficient facts, rather than conclusory statements, to establish claims against Defendant Officer Rocha? The answer is no. All the facts and claims asserted in the Complaint do not make a cognizable claim against Officer Rocha. There were no facts asserted nor claims against the City of San Jose alleged in the Complaint. Plaintiff now attempts to cure some of these

deficiencies through the Opp while adding new claims. This is the incorrect mechanism for new claims. Officer Rocha and the City are entitled to a motion to dismiss.

**A. THE COMPLAINT DOES NOT ALLEGE SUFFICIENT FACTS TO ESTABLISH A § 1983 CLAIM AGAINST OFFICER ROCHA.**

As stated in Defendants' Motion to Dismiss the Complaint (hereinafter "Motion"), the Complaint fails to identify how Officer Rocha's entry to Plaintiff's residence on October 15, 2023 violated the Fourth Amendment. Rather, the Opp asserts that Officer Rocha was already inside the home when Plaintiff objected to his entry. (Opp. At 7:21-23.) Additionally, Plaintiff confirms that "officers obtained consent to enter from the same tenant who made the 911 report." (*Id*. at 2:21-22.) The tenant told the police that Plaintiff exposed himself to her prior to the entry into Plaintiff's house to place him under arrest. (*Id*. at p.2:18-20.) Taking these facts as true, Officer Rocha entered under the exigency exemption allowed under *Georgia v. Randolph*, 547 U.S. 103, 118 (2006), where the Court held that "the question whether the police might lawfully enter over objection in order to provide any protection that might be reasonable is easily answered yes." Plaintiff's assertion that the report by Plaintiff to police was false, Opp. at 2:19, is a conclusory statement that is not entitled to the presumption of truth. *Ashcroft v. Iqbal,* 556 U.S. 662, 664 (2009). The allegation that the District Attorney did not file a criminal case against Plaintiff as a result of this incident does not undermine nor speak to the reasonableness of Officer Rocha's actions. Therefore, according to Plaintiff's own set of facts, Officer Rocha was presented with a claim of indecent exposure by the tenant, Officer Rocha then entered the residence, where both Plaintiff and tenant resided, with the tenant's consent to arrest Plaintiff for the alleged offense. Those facts do not amount to a Fourth Amendment violation. Further, there is no way for Plaintiff to cure the deficiencies in those facts therefore amendment would be futile. The Court should dismiss with prejudice

**B. THE COMPLAINT DID NOT IDENTIFY ANY BASIS FOR MUNICIPAL LIABILITY**

As stated in the Motion, Plaintiff's Complaint offers no allegation against the City of San Jose ("City"). In his Opp, Plaintiff now asserts a claim under *Monell v. Dep't of Soc.*

*Servs. of City of New York*, 436 U.S. 658 (1978) regarding the actions of a supervisor at the October 15, 2023 arrest. Opp. at 5:14-16. Plaintiff also asserts claims against unnamed officers and a supervisor during a May 31, 2025 arrest pursuant to an arrest warrant, for the first time. Opp. at 9:17-18. First, this is insufficient to establish *Monell* liability. *See*, *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, unsupported by mere conclusory statements, do not suffice").

> Allegations of *Monell* liability will be sufficient for the purposes of Rule 12(b)(6) where they: (1) identify the challenged policy/custom; (2) explain how the policy/custom is deficient; (3) explain how the policy/custom caused the plaintiff harm; and (4) reflect how the policy/custom amounted to deliberate indifference, *i.e.*, show how the alleged deficiency was obvious and that the constitutional injury was likely to occur.

*Tovar v. City of San Jose*, No. 21-CV-02497, 2021 WL 6126931 at *2 (N.D. Cal. Dec. 28, 2021). The Opp. fails to meet this standard. Plaintiff has not specifically identified a single policy, or lack thereof, upon which municipal liability can be based. Nor does the Opp. explain how any particular policy is deficient or how it amounted to deliberate indifference that resulted in harm to Plaintiff.

More importantly, an opposition briefing is the incorrect forum to raise new claims. An opposition brief argues against the Defendants' motion, explaining why the current complaint is sufficient or why dismissal is wrong; it is not the vehicle to introduce new, formal claims. (*See* Fed. R. Civ. P. 15(a)(1)). The Court should not consider any new facts alleged, the new *Monell* liability claims nor any claim regarding May 31, 2025, as they are not properly raised. Since the existing Complaint in this matter does not contain any claim against the City and Plaintiff's Opp does not provide any evidence that the Complaint does raise that claim, the City should be dismissed from this action.

## **CONCLUSION**

For the reasons set forth herein, and in the Motion, Defendants respectfully request dismissal of all claims against Officer Rocha and the City of San Jose with prejudice.

///

Respectfully submitted,

SUSANA ALCALA WOOD, City Attorney

Dated: December 15, 2025

By: *<u>/s/ Brian J. Loftus</u>*
BRIAN LOFTUS
Sr. Deputy City Attorney

Attorneys for City of San Jose and Officer Rocha #5077

# PROOF OF SERVICE

CASE NAME: *George Verdugo v. City of San Jose, et al.*
CASE NO.: 25-cv-08776-SVK

I, the undersigned declare as follows:

I am over 18 years of age and not a party to this action. My business address is 200 East Santa Clara Street, San Jose, California 95113-1905, and is located in the county where the service described below occurred.

On December 12, 2025, I caused to be served the within:

**1. Defendants' Reply ISO Motion to Dismiss Plaintiff's Complaint**

☒ by MAIL, with a copy of this declaration, by depositing them into a sealed envelope, with postage fully prepaid, and causing the envelope to be deposited for collection and mailing on the date indicated above.

I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. Said correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

☒ by ELECTRONIC TRANSMISSION, with a copy of this declaration, to an electronic address listed below.

Addressed as follows:

George Verdugo
2984 Almond Drive
San Jose, CA 95148
georgeverdugo@gmail.com

*Plaintiff, Pro Se*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 12, 2025, at San Jose, California.

*/s/ Brandi Lecomte*
Brandi Lecomte