UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE VERDUGO,

Plaintiff,

v.

CITY OF SAN JOSE, et al.,

Defendants.

Case No.  25-cv-08776-SVK

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND**

Re: Dkt. No. 17

Plaintiff brings this action against the City of San Jose (the "City") and Officer Rocha (collectively, "Defendants"), alleging violation of his Fourth and Fourteenth Amendment rights and seeking damages under 42 U.S.C. § 1983.  Dkt. 1 (the "Complaint").  Before the Court is Defendants' motion to dismiss the complaint.  Dkt. 17 (the "Motion").  All Parties have consented to magistrate-judge jurisdiction.[1]  Dkts. 15-16.  The Motion was fully briefed on December 15, 2025.  Dkts. 20, 26; *see also* Dkt. 22 (granting Defendants' administrative motion for extension of time to file the reply brief, in light of the longer time for Plaintiff's opposition due to his mail-filing status).  Having considered the Parties' submissions, the relevant law and the record in this matter, the Court determines the Motion is suitable for resolution without oral argument, (*see* Civil L.R. 7-1(b), and **GRANTS IN PART** and **DENIES IN PART** the Motion.

I.      **BACKGROUND**

For the purposes of resolving the Motion, the Court takes the factual allegations of the Complaint as true.  *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (courts generally "accept factual allegations in the complaint as true and construe the

---

[1] Plaintiff also sued 10 Doe defendants. *See* Dkt. 1.  These Doe defendants are not "parties" for purposes of assessing whether there is complete consent to magistrate-judge jurisdiction.  *See Williams v. King*, 875 F.3d 500, 502-05 (9th Cir. 2017) (magistrate-judge jurisdiction vests after all named parties, whether served or unserved, consent).

United States District Court
Northern District of California

pleadings in the light most favorable to the nonmoving party."). Here, the Complaint is also supported by Plaintiff's contemporaneously filed declaration, which tracks the allegations of the Complaint and the Court deems to be a part thereof.

Plaintiff is an adult resident of San Jose, California. Dkt. 1, ¶ 3; Dkt. 3, ¶ 1. On October 15, 2023, Officer Rocha and several other officers of the San Jose Police Department entered Plaintiff's residence without a warrant. Dkt. 1, ¶ 8; Dkt. 3, ¶ 3. The officers asserted that they had Plaintiff's co-tenant's consent to enter. Dkt. 1, ¶ 9; Dkt. 3, ¶ 4. At the time, Plaintiff objected to their entry, affirmed that he did not consent to their entry, and told them to leave. Dkt. 1, ¶ 9; Dkt. 3, ¶ 5. The officers did not leave and arrested Plaintiff for alleged violation of California Penal Code § 314 (misdemeanor indecent exposure). Dkt. 1, ¶ 10; Dkt. 3, ¶ 6; Cal. Penal Code § 314. He was release later that evening and the Santa Clara County District Attorney declined to file charges. Dkt. 1, ¶¶ 10-11; Dkt. 3, ¶¶ 6-7.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This facial-plausibility standard requires a plaintiff to allege facts resulting in "more than a sheer possibility that a defendant has acted unlawfully." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss, a court may consider only "the complaint, materials incorporated into the complaint by reference, and matters [subject to] judicial notice." *See UFCW Loc. 1500 Pension Fund v. Mayer*, 895 F.3d 695, 698 (9th Cir. 2018) (citation omitted). A court must also presume the truth of a plaintiff's allegations and draw all reasonable inferences in their favor. *See Boquist v. Courtney*, 32 F.4th 764, 772 (9th Cir. 2022). However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) (citation omitted).

With regard to self-represented plaintiffs, courts "are specifically directed to construe *pro*

*se* pleadings liberally." *United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020). "[B]efore dismissing a *pro se* complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and quotation marks omitted). "A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Id.* (quoting *Schucker v. Rockwood,* 846 F.2d 1202, 1203-04 (9th Cir.1988) (per curiam).

## III.    DISCUSSION

Defendants raise three arguments for dismissal. First, they argue that Plaintiff fails to plausibly plead entry violative of the Fourth Amendment by Officer Rocha because Plaintiff pleads that the officers had his co-tenant's consent to enter, and that they were entering in response to an exigency. Dkt. 17 at 6. Second, Defendants argue that—despite being named in the caption—there are no claims alleged against the City. Dkt. 17 at 7. Defendants further allege that the pleadings against Doe defendants are not permitted in federal court. *Id.* The Court addresses each argument in turn.

### A.    Plaintiff's Allegations Against Officer Rocha May Proceed

"The Fourth Amendment ordinarily requires that police officers get a warrant before entering a home without permission." *Lange v. California*, 594 U.S. 295, 298 (2021). However, there are two exceptions relevant here. First, "[t]he Fourth Amendment recognizes a valid warrantless entry and search of premises when police obtain the voluntary consent of an occupant who shares, or is reasonably believed to share, authority over the area in common with a co-occupant who later objects to the use of evidence so obtained." *Georgia v. Randolph*, 547 U.S. 103, 106 (2006). Second, there is an "important exception [] for exigent circumstances. … An officer, for example, may enter a home without a warrant to render emergency assistance to an injured occupant, to protect an occupant from imminent injury, or to ensure his own safety." *Lange v. California*, 594 U.S. 295, 301 (2021) (cleaned up). Defendants argue that, based on the facts pleaded in Plaintiff's Complaint, even taken as true, Officer Rocha's entry was justified.

On the first exception, Plaintiff's Complaint alleges the "officers, including Officer

3

Rocha," lacked a warrant but "claimed they had consent to enter from a co-tenant." Dkt. 1, ¶¶ 8-9. However, Plaintiff also alleges that he "was present and repeatedly informed the officers that they did not have his consent to enter and must leave." *Id.*, ¶ 9. This alone is sufficient to survive, as a legal matter, the co-tenant consent exception set forth in *Georgia v. Randoplh*. *See* 547 U.S. at 114 ("Since the co-tenant wishing to open the door to a third party has no recognized authority in law or social practice to prevail over a present and objecting co-tenant, his disputed invitation, without more, gives a police officer no better claim to reasonableness in entering than the officer would have in the absence of any consent at all.").[2]

As to the second exception, Defendants argue that the "emergency nature of the situation" validated the officers' entry as pleaded, because they were responding to the co-tenant's report and seeking "to protect her from Plaintiff's indecent exposure or other criminal conduct." Dkt. 17 at 6. Here, however, Defendants' motion is improper because neither the Complaint nor Plaintiff's accompanying declaration plead any of the facts surrounding the asserted emergency. *See, generally*, Dkt. 1 at 2-3; Dkt. 3 at 1-3. Neither the co-tenant's phone call or other report, nor the officers' statements as to why they had arrived, are pleaded. *See id*. Just as the Court may not consider Plaintiff's unpleaded facts raised in opposition, the Court cannot consider Defendants' asserted but unsubstantiated facts raised in the motion. *Cf., supra*, n. 2.

Accordingly, because Plaintiff has pleaded that he was "present and objecting" at the time of his co-tenant's consent and because there are no facts in the Complaint to substantiate the nature of the asserted exigency, the Motion to Dismiss the claim against Officer Rocha is **DENIED**.

////

---

[2] Plaintiff also points out in opposition that under *Illinois v. Rodriguez*, 497 U.S. 177 (1990), the officers must have had "a reasonable belief that a third party has authority to consent." Dkt. 20 at 3. Plaintiff's opposition sets forth a variety of facts from which Plaintiff asks this Court to draw the inference that Officer Rocha's belief that the co-tenant's consent was authoritative was not reasonable. *See* Dkt. 20 at 4-6, 14-15. However, none of these facts are contained in Plaintiff's Complaint. A court "'may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss' in determining whether to grant the Motion." *Castillo v. City of San Jose*, No. 24-CV-00701-SVK, 2025 WL 1370811, at *3 n.2 (N.D. Cal. May 12, 2025) (quoting *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998)).

United States District Court
Northern District of California

**B.      Plaintiff's Claims Against the City Are Dismissed with Leave to Amend**

As to the City's arguments for its dismissal, the Court agrees with Defendants. Although the Complaint names the City as a Defendant and Plaintiff raises *Monell* arguments on opposition, (*see, e.g.*, Dkt. 20 at 3, 6, 7-8, 18-20 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)), the Complaint itself is devoid of any of Plaintiff's *Monell*-related allegations. Plaintiff does not allege, for example: that supervisors ratified Officer Rocha's conduct, (*see* Dkt. 20 at 19); that the City's officers have a pattern and custom of entering homes despite an occupant's refusal, (*id.*); or that the City fails to train and supervise its officers appropriately on such home-entry issues, (*id.* at 20). As noted above, a court "'may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss' in determining whether to grant the Motion." *Castillo*, 2025 WL 1370811, at *3  n.2 (quoting *Schneider*, 151 F.3d at 1197). However, "particularly in the case of a *pro se* Plaintiff, the Court may look to proffered facts in an opposition in determining whether to grant leave to amend." *Id.*; *see also, e.g.*, *Flickinger v. Castillo*, 2025 WL 3255026, at *5 (N.D. Cal. Aug. 27, 2025), *report and recommendation adopted,* No. 24-CV-02915-NW, 2026 WL 517973 (N.D. Cal. Feb. 25, 2026).

Accordingly, Defendants' Motion to Dismiss the claims against the City is **GRANTED with leave to amend**. If Plaintiff wishes to pursue a *Monell* claim against the City, he must plausibly allege that the City maintains a custom, practice, or policy that inflicts the injury at issue in this case. *See Monell v. Dep't of Soc. Servcs. of N.Y.*, 436 U.S. 658, 690-91 (1978).

**C.      Plaintiff's Pleading as to Doe Defendants is Permissible at this Stage**

Finally, "general allegations that [Doe Defendants] committed wrongdoing" is improper and "the use of 'John Doe' to identify a defendant is not favored." *Villarreal v. Cnty. of Monterey*, 254 F. Supp. 3d 1168, 1194-95 (N.D. Cal. 2017). Nonetheless, while cases lacking "specific allegations" against Doe Defendants are improper, where a plaintiff has specific allegations against officers and/or supervisors but "is unaware of any particular officer's name," the plaintiff "may name 'Doe Officers' and amend the pleading within three years to add their names once she has discovered their identities." *Acasio v. San Mateo Cnty. Sheriff's Off.*, No. 14-cv-04689-JSC,

2015 WL 333011, at *5 (N.D. Cal. Jan. 23, 2015) (citing *Viehmeyer v. City of Santa Ana,* 67 F. Fed. App'x. 470, 472 (9th Cir.2003)).

Plaintiff's "Doe" proffered allegations here fall in two categories:  first, there are allegations in the Complaint as to additional "San Jose Policy Department officers … [who] entered Plaintiff's residence without a warrant."  *See* Dkt. 1, ¶¶ 8-9.  Second, in his opposition, Plaintiff suggests that there were "supervisors" that "ratified the unconstitutional conduct."  Dkt. 20 at 20.

The first category of Doe Defendants is permissible.  There are concrete, specific allegations as to the Doe officers' conduct, and it appears that the only difference between them and Officer Rocha is that Plaintiff does not know their names.  *See* Dkt. 1, ¶¶ 8-9.  Accordingly, Defendants' Motion to Dismiss all Doe Defendants from the Complaint is **DENIED**.

However, for clarity of the record, any allegations against Doe Defendants other than the allegedly-entering officers are **DISMISSED with leave to amend** for the same reasons as the claims against the City are dismissed, as set forth above.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.  The claims against the City are **dismissed with leave to amend**, while the claims against Officer Rocha and the other Doe officers may proceed.  Once the names of the other Doe officers are known, Plaintiff must amend his Complaint to name such officers.

If Plaintiff wishes to amend his Complaint to state claims against the City or other unnamed "supervisors," he may do so **no later than April 22, 2026**.

**SO ORDERED.**

Dated: March 23, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

6