SUSANA ALCALA WOOD, City Attorney (156366)
ARDELL JOHNSON, Assistant City Attorney (95340)
BRIAN LOFTUS, Sr. Deputy City Attorney (300887)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for City of San Jose,
Officer Rocha #5077, and Officer Leglu

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GEORGE VERDUGO,<br>Plaintiff(s),<br>v.<br>CITY OF SAN JOSE and OFFICER ROCHA #5077, et al.,<br>Defendant(s). | Case Number: 25-cv-08776-SVK<br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br>Date: May 6, 2026<br>Time: 10:00 a.m.<br>Courtroom: Courtroom 6, 4th Floor<br>Judge: Hon. Susan van Keulen |

**<u>NOTICE OF MOTION AND MOTION TO DISMISS</u>**

Please take notice that on or before June 16, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard by the Court, Defendants CITY OF SAN JOSE (the "City"), OFFICER ROCHA #5077, and OFFICER JACK LEGLU will and hereby do move to dismiss all Causes of Action of the First Amended Complaint ("FAC") asserted against the City, Officer Rocha and Officer Leglu by Plaintiff GEORGE VERDUGO ("Plaintiff") and move to dismiss claims asserted against Does 1 through 20.

Defendants bring this motion under Federal Rule of Civil Procedure 12(b)(6) because

Plaintiff alleges bare legal conclusions against Officer Rocha, Officer Leglu and Does 1-20 and he fails to state any claim that he asserts against the City under 42 U.S.C. § 1983. Further, Plaintiff's allegations regarding liability under Monell are threadbare and fail to meet the pleading standard. The motion is based on this Notice of Motion and accompanying Memorandum of Points and Authorities, all of the pleadings and papers on file, and any oral argument that may be made at the hearing of this matter.

Respectfully submitted,

SUSANA ALCALA WOOD, City Attorney

Dated: May 6, 2026

By: */s/ Brian Loftus*
BRIAN LOFTUS
Sr. Deputy City Attorney

Attorneys for City of San Jose, Officer Rocha and Officer Leglu

**STATEMENT OF ISSUES TO BE DECIDED**

1) Are Plaintiff's allegations of unlawful entry and arrest and due process violations insufficient to establish liability against Officer Rocha, Officer Leglu, and Does 1-50 under 42 U.S.C § 1983 because they are conclusory, vague, and lacking in factual support?

2) Are Plaintiff's allegations the City of San Jose ratified the challenged conduct insufficient to establish liability against the City under 42 U.S.C § 1983 because they are conclusory, vague, and lacking in factual support?

3) Should Doe Defendants 1-50 be dismissed because Plaintiff fails to state a claim against them and because Doe pleading is generally not permitted in federal court?

Respectfully submitted,

SUSANA ALCALA WOOD, City Attorney

Dated: May 6, 2026

By: */s/ Brian Loftus*
BRIAN LOFTUS
Sr. Deputy City Attorney

Attorneys for City of San Jose, Officer Rocha and Officer Leglu

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ........ 8
I. INTRODUCTION ........ 8
II. PROCEDURAL HISTORY ........ 9
III. PLAINTIFF'S ALLEGATIONS ........ 9
IV. ARGUMENT ........ 11
A. Legal Standard. ........ 11
B. Plaintiff Fails to State a § 1983 Claim Against Officers Rocha and Leglu. ........ 11
C. Plaintiff Fails to State a Claim Against the City. ........ 14
D. The Supervisory and Failure to Intervene Claims Should Be Dismissed. ........ 16
E. The Doe Defendants Should Be Dismissed. ........ 18
F. The FAC Does Not Comply with Rule 10. ........ 18
V. CONCLUSION ........ 18

## TABLE OF AUTHORITIES

**Federal Cases** **Page(s)**

*A.E. ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631 (9th Cir. 2012) .......... 14

Ashcroft v. Iqbal, 556 U.S. 662 (2009) .......... 10, 13

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-168 (1970) .......... 13

*Bedford v. City of Hayward, No. 3:12-cv-00294-JCS*, 2012 U.S. Dist. LEXIS 148875, 2012 WL 4901434 (N.D. Cal. Oct. 15, 2012) .......... 14

*Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) .......... 10

*Balistreri v. Pacifica Police* Dep't, 901 F.2d 696 (9th Cir. 1999) .......... 10

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134 (9th Cir. 2021) .......... 13

*Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007) .......... 15

*Canton v. Harris*, 489 U.S. 378, 388 (1989) .......... 14

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336 (9th Cir. 1996) .......... 10

*Connick v. Thompson*, 563 U.S. 51 (2011) .......... 14

*Conservation Force v. Salazar*, 646 F.3d 1240 (9th Cir. 2011) .......... 10

*Cunningham v. Gates*, 229 F.3d 1271 (9th Cir. 2000) .......... 16

*Davis v. Ellensburg*, 869 F.2d 1230 (9th Cir. 1989) .......... 13

*Franco v. City of San Diego*, 2019 WL 6134640 (S.D. Cal. Nov. 18, 2019) .......... 14

*Georgia v. Randolph*, 547 U.S. 103 (2006) .......... 11, 12, 10

*Gillette v. Delmore*, 979 F.2d 1342 (9th Cir. 1992) .......... 15

*Hansen v. Black*, 885 F.2d 642 (9th Cir. 1989) .......... 16

*Ill. v. Rodriguez*
497 U.S. 177 (1990) .......... 11

*Jessen v. Cty. of Fresno*,
2019 WL 132271 (E.D. Cal. Jan. 7, 2019) .......... 14

*Lacey v. Maricopa Cty.*,
693 F.3d 896 (9th Cir. 2012) .......... 16

*Leer v. Murphy*,
844 F.2d 628 (9th Cir. 1988) .......... 16

*Lewis v. Doe*,
2016 WL 4411818 (N.D. Cal. 2016) .......... 17

*Meehan v. Los Angeles Cty.*,
856 F.2d 102 (9th Cir. 1988) .......... 13

*Monell v. Dep't of Soc. Servs. of City of New York*,
436 U.S. 658 (1978) .......... 13

*Pembaur v. City of Cincinnati*,
475 U.S. 469 (1986) .......... 13, 16

*Poot v. City & Cty. of San Francisco, No. 24-cv-03618-DMR*,
2024 U.S. Dist. LEXIS 195522 (N.D. Cal. Oct. 28, 2024) .......... 15

*Quinn v. Cty. of Monterey*,
2023 WL 6389748 (N.D. Cal. 2016) .......... 17

*St. Louis v. Praprotnik*,
485 U.S. 112 (1988) .......... 13, 17

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) .......... 16

*Trevino v. Gates*,
99 F.3d 911 (9th Cir. 1996) .......... 13

*Villareal v. Cty. of Monterey*,
254 F.Supp.3d 1168 (N.D. Cal. 2017) .......... 17

**Federal Statutes**

42 U.S.C § 1983 .......... *passim*

**State Statutes**

California Penal Code § 836 .......... 12

California Penal Code § 843 .......... 12

California Penal Code § 844 .......... 12

California Penal Code § 314 .......... 9

California Penal Code § 840 .......... 11

California Penal Code § 844 .................................................................................................. 14

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ................................................................... 10, 12 , 18

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

## I. INTRODUCTION

Plaintiff alleges that on October 15, 2023, San Jose Police Department ("SJPD") Officer Miguel Rocha and other officers entered his home with consent from a co-tenant and arrested him for indecent exposure, California Penal Code § 314. Plaintiff claims that prior to his arrest, he told Officer Rocha that he did not consent to Officers entering his home and they must leave but that he was arrested despite his protestations. Plaintiff alleges Officer Rocha's conduct violated the Fourth Amendment and asserts claims under 42 U.S.C. § 1983. Plaintiff also challenges officer conduct during a May 31, 2025 arrest. He alleges other unnamed officers responded to his residence and entered his home with the consent of a co-tenant and arrested him pursuant to an arrest warrant. Plaintiff claims that prior to his arrest he informed the officers he did not consent to their entry and they arrested him anyway. Plaintiff alleges the officers' conduct violated the Fourth Amendment and asserts claims under 42 U.S.C. § 1983. Plaintiff alleges that on both occasions a "Doe Supervisor" ratified the conduct of the officers who arrested Plaintiff. Plaintiff alleges the supervisor's ratification violated 42 U.S.C. § 1983. Plaintiff further alleges every officer on scene during both arrests failed to intervene in the conduct of the arresting officers, violating 42 U.S.C. § 1983. Finally, Plaintiff asserts a claim against the City, claiming it provided inadequate training for all officers involved and that caused their conduct during both arrests and that the City ratified the conduct. Though he names them in his Complaint, Plaintiff does not assert any claim against Does 21-50. He also asserts claims against "Supervisory Does", though they are not named in the caption.

Plaintiff's allegations are inadequate and do not comply with the pleading requirements set forth by the U.S. Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 577 (2007). Plaintiff simply concludes that his arrests were a violation of the Fourth Amendment. He fails to provide specific factual allegations to support the conclusion that Officer Rocha's entry into his home was unlawful. Notably, Plaintiff acknowledges that a co-tenant gave officers consent to enter the residence to place Plaintiff under arrest. Further, Plaintiff concludes that Officer Rocha detained and arrested Plaintiff without a lawful basis. Plaintiff again fails to provide any factual allegations. Regarding the May 31, 2025 arrest, Plaintiff

concedes that officers had a warrant for his arrest prior to their entry into his home. Plaintiff erroneously claims that his non-consent to their entry somehow overrides the officers' charge under an arrest warrant. Plaintiff fails to provide any factual allegations regarding the warrant for his arrest that would prohibit the officers from entering his residence to effect service of the warrant. Plaintiff concludes that the City provided inadequate training in home entry and co-tenant consent and was deliberately indifferent to the effects of that training, but Plaintiff fails to provide specific factual allegations that address what training was provided or how the training was inadequate. Further, Plaintiff concludes that the City ratified Officer Rocha's actions along with the Doe officers'. Plaintiff again fails to provide any factual allegations beyond information and belief. Plaintiff also fails to allege any policy, custom or practice regarding home entry that contributed or caused this incident. Plaintiff's reliance on an anecdotal conversation with an unnamed person is insufficient to establish a custom or practice. That is fatal to Plaintiff's municipal liability claims. For these and the reasons specified below, the City respectfully requests the Court dismiss Plaintiff's asserted claims. Defendants further request dismissal of the Doe Defendants.

## II. PROCEDURAL HISTORY

Plaintiff's original complaint was filed October 14, 2025. Defendants demurred on the ground that facts Plaintiff elected to plead in his complaint defeated his claims that officers violated the Fourth Amendment. Defendants further argued that Plaintiff's *Monell* claim against the City of San Jose and his claims against Doe defendants were unsupported by any facts.

The Court ruled on Defendants' motion on March 23, 2026 (Dkt. No. 27). The Court held Plaintiff's Fourth Amendment claim was adequate, based largely on *Georgia v. Randolph*, 547 U.S. 103 (2006). The Court dismissed Plaintiff's *Monell* and Doe claims with leave to amend.

Plaintiff filed his First Amended Complaint ("FAC") on April 22, 2026 (Dkt. No. 28).

## III. PLAINTIFF'S ALLEGATIONS

While Plaintiff's original complaint contained only six paragraphs concerning his October 15, 2023 arrest, Plaintiff's FAC contains many pages of allegations. It adds alleges new facts about the October 2023 arrest and adds a challenge to Plaintiff's May 31, 2025 arrest. The following are the allegations of fact contained in Plaintiff's FAC regarding Plaintiff's encounter with Officer

Rocha and Doe Defendants. On October 15, 2023, San Jose Police Department officers, including Officers Rocha and Leglu, entered Plaintiff's residence without a warrant. (FAC ¶¶ 10 &12). Officers claimed they had consent from a co-tenant. (FAC p. 3:1). Plaintiff exited his bedroom after officers entered the home and objected to the entry. (FAC p.3:3-4). Despite Plaintiff's objections, the officers remained inside the home and arrested him. (FAC p.3:9-12). A supervisor arrived at the scene and ratified the arrest by telling Plaintiff to "Take it up with Internal Affairs". (FAC p.3:18-20). The District Attorney did not file charges for indecent exposure. (FAC p.3:21-22).

On May 31, 2025, six to eight officers arrived at Plaintiff's residence to arrest him pursuant to a misdemeanor arrest warrant. (FAC p3:27-28). A co-tenant provided consent for officers to enter the residence. (FAC p.5:3-4). The co-tenant shared the common areas of the home including the front door and entryway. (FAC p.4:15-16). Plaintiff objected to any officer entering his residence, citing Georgia v. Randolph. (FAC p.4:7-9). Plaintiff was standing in the shared entryway to the residence when officers entered and placed him in handcuffs. (FAC p.5:14-15). Plaintiff alleges the entry into his home was warrantless. (FAC p.5:20-21). Plaintiff spoke to "at least one other individual" who reported SJPD officers entered their home over their objection based on consent from another occupant. (FAC p.5:27-p.6:1). One two prior occasions, officers came to Plaintiff's residence regarding the same misdemeanor warrant. (FAC p.6:6-7). Plaintiff refused to exit the residence and the officers left rather than enter the residence. (FAC p.6:8-9). Plaintiff alleges these two prior interactions show inconsistent enforcement of home entry procedures by the supervisors. (FAC 6:17-21).

On the basis of those facts, Plaintiff asserts claims against Officer Rocha, Officer Leglu, Doe Officers, Does Supervisors and Does 1-20 for: violation of 42 U.S.C. section 1983 for unlawful entry and arrest under the Fourth Amendment; violation of 42 U.S.C. section 1983 for failure to intervene. Plaintiff asserts a claim against Doe Supervisor 1 and Doe Supervisor 2 and Does 1-20 for violation of 42 U.S.C. section 1983 for Supervisory Liability. Plaintiff asserts a claim against the City of San Jose under 42 U.S.C. section 1983 for failure to train.

///

///

## IV. ARGUMENT

### A. Legal Standard.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "sufficient facts 'to state a facially plausible claim to relief.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss, allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions are not entitled to a presumption of truth, and pleading standards require "… more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 577 (2007).) Dismissal under Rule 12(b)(6) "is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar, supra,* 646 F.3d at 1242 (citing *Balistreri v. Pacifica Police* Dep't, 901 F.2d 696, 699 (9th Cir. 1999)).

### B. Plaintiff Fails to State a § 1983 Claim Against Officers Rocha and Leglu.

Plaintiff's Complaint fails under the pleading standards developed in *Twombly* and *Iqbal*. Plaintiff alleges Officers Rocha and Leglu entered the residence in October 2023 without an arrest warrant. (FAC ¶¶ 10 &12). Plaintiff acknowledges officers entered the residence based on consent from a co-tenant. (FAC p.3:1). Plaintiff provides no allegations about the co-tenant or, more importantly, how the consent they provided was invalid or inadequate to permit officers' entry and how his objection to officer's presence in his home to place him under arrest somehow negated the consent. Notably, Plaintiff alleges that officers were already inside the home when he became aware of their presence, exited his bedroom, and objected to the entry they had already made. (FAC p.3:2-4). When officers encountered Plaintiff they placed him under arrest. (FAC p.3:11-12). For all that appears from the Complaint, the co-tenant had every right to consent to officers' entry to protect her from Plaintiff's indecent exposure or other criminal conduct. And the Complaint's allegations show

that officers were lawfully in Plaintiff's residence when he emerged from his room and was arrested.

Plaintiff relies on *Georgia v. Randolph*, 547 U.S. 103, 118 (2006), to assert that his denial of consent prohibited the officers' remaining in his home after they already entered. This case does not stand for that proposition. In *Georgia v. Randolph*, the Court considered consent to search, not to enter. Plaintiff is therefore not in the same position as the parties in *Georgia v. Randolph*. In that case, the wife consented to officer's searching for evidence of her husband's cocaine use in his bedroom. *Id.* at 107. The Court held that "the question whether the police might lawfully enter over objection in order to provide any protection that might be reasonable is easily answered yes." *Id.* at 118. The Court went on to explain that" even when ... two persons quite clearly have equal rights in the place, as where two individuals are sharing an apartment on an equal basis, there may nonetheless sometimes exist a basis for giving greater recognition to the interests of one over the other .... [W]here the defendant has victimized the third-party ... the emergency nature of the situation is such that the third-party consent should validate a warrantless search despite defendant's objections." *Id.* (quotation omitted). "The undoubted right of the police to enter in order to protect a victim, however, has nothing to do with the question in this case, whether a search with the consent of one co-tenant is good against another, standing at the door and expressly refusing consent." *Id.* at 118-119.

The central issue in *Georgia v. Randolph* concerns consent searches, not entry. Warrantless entry onto accused's premises based on consent of third party whom police reasonably believe to possess common authority over premises is valid. *Ill. v. Rodriguez* 497 U.S. 177, 179 (1990). Plaintiff alleges no facts regarding any search by police. The officers received consent from a co-tenant and entered the common area of the residence. Plaintiff exited his bedroom, which was under his sole control, and once he was in a common area of the residence told the officers he did not consent to their entry. At that time officers placed him under arrest for the crime of indecent exposure. There are no facts asserted to invalidate a misdemeanor arrest made pursuant to Penal Code section 840. In fact, with some exceptions, misdemeanor arrests without a warrant are only prohibited between 10:00 pm and 6:00 am. Cal. Pen. Code § 840. As alleged by Plaintiff, the

officers were already in the residence prior to his revocation of consent. The facts Plaintiff alleges in the FAC do not fall within the scenario posited by the Supreme Court in *Georgia*, where a co-tenant opens the door "over a present and objecting co-tenant …." 547 U.S. at 114. Plaintiff was not present, according to his allegations, when the co-tenant opened the door. Only after officers reasonably accepted the co-tenant's invitation did Plaintiff leave his private room and enter the common area where officers encountered him. According to Plaintiff, he was in the presence of the officers when he provided his non-consent, and the officers placed him under arrest based on the conversation with the co-tenant. There is no allegation that officers conducted any search after Plaintiff lodged his non-consent, that they further entered the residence after his non-consent, that they entered any portion of the residence that the cotenant lacked consent over. In the October 2023 incident, the officers developed probable cause to arrest the Plaintiff and obtained consent to enter from a co-tenant. The officers entered a common area of the residence where Plaintiff confronted them, and they arrested him. Plaintiff fails to assert facts from which it can be concluded that Officer Rocha, Officer Leglu, and Does 1-20 violated Plaintiff's rights.

Similarly, Plaintiff assertions about his May 2025 arrest fail to assert facts from which it can be concluded anyone violated Plaintiff's rights. Plaintiff concedes that he had a misdemeanor warrant for his arrest when officers arrived at his home. (FAC p.3:27-28). An officer can make an arrest pursuant to an arrest warrant. Cal. Pen. Code § 836(a). Officers making an arrest pursuant to a warrant may use force to overcome resistance to the arrest. Cal. Pen. Code § 843. Under Penal Code section 844, the officers could have forced entry to make the arrest after explaining their purpose and demanding entry. Cal. Pen. Code § 844. Plaintiff alleges the officers spent an hour trying to get him to exit the residence. (FAC p.4:5-7). Plaintiff claims this shows that officers knew they could not enter his home without his consent. He is mistaken. The law clearly allows officers to enter a residence and arrest Plaintiff pursuant to a warrant. Plaintiff's refusal to consent to the officer's entry does not create a right to hide from an arrest warrant. Plaintiff fails to allege any facts that the warrant did not permit entry into his home to effectuate it or that it was defective in any way. Plaintiff simply assumes that his lack of consent to officers entering his home to place him under

arrest somehow overrode the warrant. As a result, Plaintiff fails to assert facts from which it could be concluded that any officer violated Plaintiff's rights.

**C. Plaintiff Fails to State a Claim Against the City.**

A city is not subject to § 1983 liability under a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986) (*citing Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)). In *Monell*, the Supreme Court held that "municipalities may only be held liable under § 1983 for constitutional violations resulting from official policy or custom." *Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021) (citing *Monell*, 436 U.S. at 694). A "policy" consists of a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. *Monell*, *supra*, 436 U.S. at 690. If there is no unconstitutional policy, a municipality can only be liable if there is a "widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage with the force of law." *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-168 (1970).)

"Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). *See also Meehan v. Los Angeles Cty.*, 856 F.2d 102 (9th Cir. 1988) (two incidents not sufficient to establish custom); *Davis v. Ellensburg*, 869 F.2d 1230 (9th Cir. 1989) (manner of one arrest insufficient to establish policy).

"Prior to the Supreme Court's holdings in *Twombley* and *Iqbal*, the Ninth Circuit had held that a 'claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that individual officers conduct conformed to official policy, custom, or practice. However, such conclusory allegations will not suffice after *Twombly* and *Iqbal*, which require a plaintiff to state facts sufficient 'to state a claim that is plausible on its face.'" *Id.* at *36-37 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). These standards apply equally to municipal liability claims, which must state facts "that plausibly suggest an entitlement to relief" and not just conclusions or a recitation of the elements of a cause of

action. *A.E. ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). Therefore, "in order to withstand a motion to dismiss for failure to state a claim, a *Monell* claim must consist of more than mere 'formulaic recitations of the existence of unlawful polices, conducts or habits.'" *Bedford v. City of Hayward*, No. 3:12-cv-00294-JCS, 2012 U.S. Dist. LEXIS 148875, 2012 WL 4901434, *36 (N.D. Cal. Oct. 15, 2012).

Plaintiff's Complaint fails under the pleading standards developed in *Twombly*, *Iqbal*, and *A.E. ex rel. Hernandez*. Plaintiff alleges his two arrests reflect systemic failures in the City's training of officers regarding "home-entry rules and co-tenant consent". FAC p.12:4-5. Plaintiff, however, does not identify any specific policy statement, ordinance, regulation or officially adopted decision reflecting any official customs, policies or procedures. Even if Plaintiff had identified the policy, he would have to allege facts about how it applies to a situation like that alleged in the FAC and how the policy was the "moving force" behind Plaintiff's injury. *See, e.g., Franco v. City of San Diego*, 2019 WL 6134640, at *5 (S.D. Cal. Nov. 18, 2019) (dismissing *Monell* claim for "fail[ure] to plead specific facts supporting [the] alleged policies, how they cause Plaintiff harm, and how the policies amounted to deliberate indifference"). Here, Plaintiff does not present any such facts.

Failure to train is the "most tenuous" theory on which municipal liability can be based. *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Liability will attach only "[i]n limited circumstances" when a municipality's failure to train amounts to "'deliberate indifference to the rights of persons with whom [the untrained employees] come into contact.'" *Id*. (quoting *Canton v. Harris*, 489 U.S. 378, 388 (1989)). "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Id*. (internal quotation omitted). As a result, "[a] pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Id*. at 62 (internal quotation omitted). *See, e.g., Jessen v. Cty. of Fresno*, 2019 WL 132271, at *9 (E.D. Cal. Jan. 7, 2019), aff'd, 2020 WL 1814750 (9th Cir. Apr. 9, 2020) ("construing plaintiffs' *Monell* theory as one of failure to train, defendants are entitled to summary judgment in their favor because plaintiffs have failed to provide any evidence of a pattern of similar violations, or any evidence otherwise indicating deliberate indifference").

"[A]bsent evidence of a program-wide inadequacy in training, any shortfall in a single officer's training can only be classified as negligence on the part of the municipal defendant—a much lower standard of fault than deliberate indifference." *Blankenhorn v. City of Orange*, 485 F.3d 463, 485 (9th Cir. 2007) (quotation omitted). In *Blankenhorn*, for instance, the Ninth Circuit held plaintiff failed to establish deliberate indifference where the only evidence of failure to train concerned the alleged unconstitutional arrest that was the subject of the lawsuit and the records of the individual officer involved. *Id*. Plaintiff bases his barebones allegations of inadequate "training policies" solely on his specific allegations, regarding his specific incident and his anecdotal conversation with one person. (FAC p.5:27-p.6:2) Plaintiff offers no allegations that Officer Rocha was inadequately trained in any particular respect, no allegations about how a lack of training led to this incident, and no allegations that there is a pattern of constitutional violations resulting from poorly trained officers. That is insufficient. *See, e.g.*, *Poot v. City & Cty. of San Francisco*, No. 24-cv-03618-DMR, 2024 U.S. Dist. LEXIS 195522, at *7-8 (N.D. Cal. Oct. 28, 2024) (dismissing Monell claim because "[o]ther than asserting Plaintiff's own circumstances, the complaint does not contain specific factual allegations supporting the existence of a policy, custom, or practice, much less how they were the 'moving force' behind the alleged constitutional violation").

Plaintiff's ratification theory is equally unadorned and inadequate. To plead ratification, Plaintiff would have to allege that the City's "authorized policymakers" consciously adopted the decisions of other City actors as formal acts of the city. *Praprotnik*, 485 U.S. at 127. Such a showing requires allegations of fact establishing that "an official with final policymaking authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992). Plaintiff has alleged no fact as to any of these requirements. Plaintiff has not alleged that the Doe Supervisors who were present at the arrests have final policy making authority. In fact, the supervisors referring Plaintiff to Internal Affairs shows reasonably illustrate that they were not the final authority. His conclusory assertion of ratification thus fails.

**D. The Supervisory and Failure to Intervene Claims Should Be Dismissed.**

"Under Section 1983, supervisory officials are not liable for actions of subordinates on any

theory of vicarious liability." *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989) (citing *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986)). "A defendant may be held liable as supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (internal quotation omitted). A supervisor "causes" a constitutional deprivation when he "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation"; or "set[s] in motion a series of acts by others which [he] knows or reasonably should know would cause others to inflict the constitutional injury." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (quotation omitted). Allegations of causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). The FAC does not meet those standards. The FAC alleges summarily that the supervisor who responded to the October 2023 incident arrived after Plaintiff was arrested. (FAC p.11:11.) That supervisor could not have caused the Plaintiff's alleged wrongful arrest. As to the May 2025 arrest, Plaintiff again wrongly insists that his protests to officers' presence should have been sufficient to defeat the warrant. Plaintiff asserts no facts that would make that so or that would have informed the supervisor that the warrant could not be executed.

While "police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen, … officers can be held liable for failing to intercede only if they had an opportunity to intercede." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) (internal quotations omitted). The FAC summarily alleges that multiple unnamed officers had an opportunity to intervene in Plaintiff's arrest. (FAC p.12:14-24.) The FAC does not allege what any of those officers did, where they were, or whether they would have known of Plaintiff's protestations or any other circumstances that allegedly made Plaintiff's arrest improper. The FAC alleges no facts sufficient to show that any officer, let alone an unnamed and undifferentiated group of them, failed to intervene.

**E. The Doe Defendants Should Be Dismissed.**

The Complaint alleges that "Does" 1 through 20 are parties (FAC ¶ 8) and vaguely alleges they were in his home and somehow involved in the arrests but does not provide any facts about what any of the Does supposedly did. Additionally, the caption alleges Does 1-50. There are no allegations regarding Does 21-50. Plaintiff also asserts claims against Doe Supervisor 1 and Doe Supervisor 2, neither of whom appear in the caption. They should be dismissed.

The Doe Defendants should be dismissed as parties for the additional reason that Doe pleadings are generally not permissible in federal court and the Federal Rules of Civil Procedure do not specifically allow for them. *Villareal v. Cty. of Monterey*, 254 F.Supp.3d 1168, 1194 (N.D. Cal. 2017) (general allegations of wrongdoing by Doe defendants fail to provide "fair notice" to allow a defendant to defend itself and "the use of 'John Doe' to identify a defendant is not favored"); *Quinn v. Cty. of Monterey*, 2023 WL 6389748, *1, n. 1 (N.D. Cal. 2016) ("'[g]enerally, 'Doe' pleading is improper in federal court"); *Lewis v. Doe*, 2016 WL 4411818, *4 (N.D. Cal. 2016) ("Federal courts do not generally permit the use of Doe defendants").

**F. The FAC Does Not Comply with Rule 10.**

Additionally, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Though failure to comply with this rule is not a basis for dismissal, Defendants would be unable to properly answer the FAC as written. Further, when Plaintiff asserts his claims for relief beginning on page 9, he incorporates by reference paragraphs 1-79, most of which do not exist in the document as filed. FAC p. 9 ¶80. In the event that the court allows the complaint to proceed in some form, Defendants request the Court also order Plaintiff to number his paragraphs and list the parties in the caption according to Federal Rule of Civil Procedure 10.

## V. CONCLUSION

Defendants respectfully request the Court dismiss Plaintiff's claims asserted in his First Amended Complaint. Plaintiff failed to plead any facts required to establish a violation by officers on either occasion of his arrest. Plaintiff also failed to establish a policy or established practice that would create any type of municipal liability under *Monell*. Nor did Plaintiff allege sufficient facts to

show ratification by a final policy maker. Rather, the Complaint is based solely on conclusory allegations regarding consent, training policies and possible ratification. For these reasons, Defendants respectfully submits that Plaintiff's claims under 42 U.S.C. § 1983 fail as a matter of law and therefore request dismissal of these claims under Federal Rule of Civil Procedure 12(b)(6). Defendants further request dismissal of the Doe Defendants.

Dated: May 6, 2026

Respectfully submitted,

SUSANA ALCALA WOOD, City Attorney

By: */s/ Brian Loftus*
BRIAN LOFTUS
Sr. Deputy City Attorney

Attorneys for City of San Jose, Officer Rocha, and Officer Leglu

**PROOF OF SERVICE**

CASE NAME: *George Verdugo v. City of San Jose, et al.*
CASE NO.: 25-cv-08776-SVK

I, the undersigned declare as follows:

I am over 18 years of age and not a party to this action. My business address is 200 East Santa Clara Street, San Jose, California 95113-1905, and is located in the county where the service described below occurred.

On May 6, 2026, I caused to be served the within:

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

☒ by MAIL, with a copy of this declaration, by depositing them into a sealed envelope, with postage fully prepaid, and causing the envelope to be deposited for collection and mailing on the date indicated above.

I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. Said correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

☒ by ELECTRONIC TRANSMISSION, with a copy of this declaration, to an electronic address listed below.

Addressed as follows:

George Verdugo
2984 Almond Drive
San Jose, CA 95148
georgeverdugo@gmail.com

*Plaintiff, Pro Se*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 6, 2026, at San Jose, California.

*/s/ Elena R. Fields*
Elena Fields