**GEORGE VERDUGO**
2984 Almond Drive
San Jose, CA 95148
408 401 5636
georgeverdugo@gmail.com

Plaintiff, Pro Se

FILED

MAY 19 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| **GEORGE VERDUGO,**<br>Plaintiff,<br>vs.<br>**CITY OF SAN JOSÉ; OFFICER ROCHA** (#5077); DOES 1–20,<br>Defendant(s) | Case No. 5:25-cv-08776-SVK<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: June 16, 2026<br>Time: 10:00 a.m.<br>Courtroom: Courtroom 6, 4th Floor<br>Judge: Hon. Susan van Keulen |

## I. INTRODUCTION

Defendants' Motion asks the Court to revisit issues that were already substantially resolved during the first Rule 12 cycle after Plaintiff amended precisely in the manner the Court authorized. The present Motion therefore arises in a materially different procedural posture than the original dismissal motion.

In ruling on the prior Motion to Dismiss, the Court concluded that Plaintiff's allegations that he was physically present and objecting were sufficient at the pleading stage to plausibly invoke Georgia v. Randolph, 547 U.S. 103 (2006). The Court further permitted amendment so Plaintiff could incorporate additional Monell, supervisory, and related factual allegations directly into the pleading itself. Plaintiff then filed the FAC incorporating those allegations.

The FAC now alleges in substantially greater detail the chronology of both residential-entry incidents, Plaintiff's repeated objections to entry, the conduct and presence of supervising officers,

the ratification of the challenged conduct, repeated officer disregard of Plaintiff's objections, and municipal customs, practices, and training deficiencies relating to residential entry and third-party consent.

Defendants nevertheless attempt to narrow the practical effect of the Court's prior ruling while simultaneously seeking resolution of disputed factual issues that cannot be decided at Rule 12. Much of Defendants' Motion repeats the same procedural position advanced during the first dismissal cycle—namely, that Plaintiff failed to include sufficient allegations inside the operative pleading itself. But that argument no longer fits the present posture because the FAC now contains the allegations Defendants previously argued belonged in the pleading.

At this stage, the Court must accept Plaintiff's factual allegations as true and draw reasonable inferences in Plaintiff's favor. Viewed under that standard, the FAC plausibly alleges unconstitutional residential entry, unlawful in-home arrest, supervisory participation, failure to intervene, and municipal liability under Monell. Defendants' Motion should therefore be denied.

## II. PROCEDURAL HISTORY DEFINES THE PRESENT RULE 12 POSTURE

The procedural sequence materially informs the present Motion and narrows the issues presently before the Court.

Defendants' original Motion to Dismiss argued primarily that Plaintiff failed to plead sufficient factual specificity concerning the October 2023 entry, failed to adequately allege supervisory or municipal liability, and failed to adequately identify Doe officers. In opposing that Motion, Plaintiff supplied substantial additional factual and constitutional detail concerning Georgia v. Randolph, warrantless residential entry, supervisory ratification, municipal customs and practices, and failure to train.

Defendants' subsequent reply did not principally argue that Plaintiff's constitutional theories were legally foreclosed. Instead, Defendants repeatedly argued that Plaintiff's expanded allegations could not be considered because they appeared in the opposition rather than in the complaint itself. The Court then granted leave to amend.

Plaintiff thereafter filed the FAC incorporating the additional allegations directly into the pleading. The FAC now contains the categories of allegations Defendants previously argued were absent.

That procedural posture materially alters the present Rule 12 analysis. Defendants are no longer challenging a sparse original complaint. They are challenging an amended pleading filed after the Court identified pleading deficiencies and granted Plaintiff leave to cure them through amendment.

The FAC therefore must be evaluated in light of both the Court's prior ruling and the expanded factual allegations now incorporated into the operative pleading.

## III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only contain sufficient factual matter to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility does not require evidentiary proof or factual certainty at the pleading stage. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

At the Rule 12 stage, the Court must accept factual allegations as true and construe reasonable inferences in Plaintiff's favor. Keates v. Koile, 883 F.3d 1228, 1234 (9th Cir. 2018). The Court may not resolve competing factual narratives, determine witness credibility, or weigh competing factual inferences. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

Because Plaintiff proceeds pro se, the FAC must also be construed liberally. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

Defendants' Motion repeatedly seeks factual determinations beyond the limited scope of Rule 12 review. Defendants seek factual determinations concerning exigency, consent authority, officer reasonableness, supervisory knowledge, and the factual chronology of both incidents. Those issues require factual development through discovery and cannot properly be resolved on the pleadings.

## IV. THE FAC PLAUSIBLY ALLEGES UNCONSTITUTIONAL RESIDENTIAL ENTRY UNDER RANDOLPH

The Court already concluded during the first dismissal cycle that Plaintiff's allegations that he was physically present and objecting were sufficient at the pleading stage under Randolph. The FAC now materially strengthens those allegations.

The FAC alleges that Plaintiff was physically present inside the residence, repeatedly objected to entry, informed officers that he did not consent to their presence inside the home, and nevertheless experienced continued police presence and arrest inside the residence. The FAC further alleges that supervising officers personally observed Plaintiff's objections yet approved or failed to stop the challenged conduct.

Defendants attempt to narrow the practical reach of the Court's prior ruling through competing factual interpretations concerning timing, threshold location, continued presence, and officer interpretation of events. But those are factual disputes inappropriate for Rule 12 resolution.

Randolph held that a physically present resident's express refusal of consent overrides third-party consent for purposes of residential entry. 547 U.S. at 122-23. At minimum, the FAC plausibly alleges facts bringing both incidents within Randolph's constitutional framework.

Defendants' contrary interpretation depends upon factual assumptions concerning the sequence of events, the reasonableness of officer conduct, the scope of third-party authority, and the significance of Plaintiff's objections that cannot be resolved at the pleading stage.

## V. THE FAC PLAUSIBLY ALLEGES FOURTH AMENDMENT VIOLATIONS ARISING FROM THE OCTOBER 15, 2023 INCIDENT

The FAC alleges that officers entered Plaintiff's residence without a warrant after obtaining purported consent from a tenant, that Plaintiff became aware of the officers' presence and objected to the entry, and that officers nevertheless remained inside the residence and arrested Plaintiff inside the home.

Defendants rely upon an exigency theory arising from the tenant's accusation. But the FAC alleges no active emergency, no ongoing violence, no immediate threat, and no facts conclusively establishing exigent circumstances.

Whether officers reasonably perceived exigency, whether the tenant possessed authority sufficient to override Plaintiff's objection, and whether officers reasonably continued their presence after Plaintiff objected are disputed factual issues requiring discovery. Defendants' Motion improperly asks the Court to resolve those disputes in Defendants' favor.

At the pleading stage, Plaintiff need only plausibly allege unconstitutional conduct. The FAC satisfies that standard.

## VI. THE FAC PLAUSIBLY ALLEGES FOURTH AMENDMENT VIOLATIONS ARISING FROM THE MAY 31, 2025 INCIDENT

The FAC further alleges that officers entered Plaintiff's residence over his repeated objections while relying upon purported consent from a tenant whose authority Plaintiff expressly challenged.

The FAC alleges that Plaintiff repeatedly refused consent, invoked Randolph, informed officers that the tenant lacked authority to override his objection, and nevertheless experienced residential entry and arrest inside the home.

The FAC further alleges that the tenant had been served with a 60-day termination notice earlier that same day and that officers failed to meaningfully investigate the authority dispute before entering.

Defendants contend that the existence of an arrest warrant independently justified the entry. But Payton v. New York, 445 U.S. 573 (1980), does not authorize officers to disregard otherwise applicable Fourth Amendment limitations concerning residential entry and disputed consent. Nor does Illinois v. Rodriguez, 497 U.S. 177, 188-89 (1990), automatically validate reliance upon third-party consent where officers are confronted with facts casting doubt upon the third party's authority.

At minimum, the FAC plausibly alleges that officers lacked an objectively reasonable basis to override Plaintiff's objections and rely exclusively upon disputed third-party consent. That is sufficient at the pleading stage.

## VII. DEFENDANTS SEEK FACTUAL RESOLUTION UNSUITABLE FOR RULE 12

Throughout the Motion, Defendants seek resolution of disputed factual questions concerning exigency, authority to consent, officer reasonableness, supervisory knowledge, factual chronology, and municipal practices.

Those issues cannot properly be resolved through Rule 12 dismissal. Resolution of those issues requires factual development through body-worn camera footage, officer testimony, dispatch records, supervisory communications, internal investigative materials, and discovery.

The Court's role at the pleading stage is not to determine which factual narrative will ultimately prevail. Rather, the Court must determine whether the FAC plausibly alleges constitutional violations when Plaintiff's allegations are accepted as true. The FAC plainly satisfies that standard.

## VIII. THE FAC NOW PLAUSIBLY STATES MONELL CLAIMS

The FAC materially differs from the original complaint and must be evaluated accordingly under the procedural posture presently before the Court.

The Court previously granted leave to amend so Plaintiff could incorporate additional allegations concerning municipal liability, supervisory conduct, customs and practices, and failure to train. Plaintiff then filed the FAC incorporating those allegations directly into the pleading.

The FAC now alleges repeated officer disregard of Plaintiff's residential objections, repeated residential-entry incidents involving the same constitutional concerns, supervisory approval and ratification of the challenged conduct, unconstitutional customs and practices concerning residential entry and third-party consent, and training deficiencies concerning the constitutional limitations governing residential entry and in-home arrest.

The FAC further alleges that supervising officers personally arrived during the incidents, observed Plaintiff objecting to entry, approved or failed to stop the challenged conduct, and ratified the conduct afterward.

To state a Monell claim, Plaintiff need only plausibly allege a municipal policy, custom, or practice that caused the constitutional violations. AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012). The FAC plausibly alleges unconstitutional customs and practices,

deliberate indifference, supervisory ratification, and moving-force causation sufficient to proceed beyond Rule 12.

Defendants argue that Plaintiff lacks detailed internal municipal evidence concerning training materials, policy memoranda, disciplinary histories, and internal investigations. But Rule 12 does not require Plaintiff to already possess internal SJPD evidence before discovery. Those materials remain uniquely within Defendants' control.

At the pleading stage, Plaintiff need only plausibly allege municipal liability. The FAC satisfies that burden under governing Ninth Circuit pleading standards.

## IX. THE FAC PLAUSIBLY STATES SUPERVISORY LIABILITY AND FAILURE-TO-INTERVENE CLAIMS

The FAC alleges that supervisory officers personally arrived during both incidents, observed Plaintiff objecting to entry, approved unconstitutional conduct, failed to intervene, and ratified the conduct afterward.

Those allegations plausibly establish supervisory participation and causation under Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011).

The FAC further alleges that multiple officers were present during the challenged entries, observed Plaintiff objecting, possessed a realistic opportunity to intervene, and nevertheless failed to stop the constitutional violations.

Those allegations plausibly state failure-to-intervene claims at the pleading stage. Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000).

## X. DOE DEFENDANTS REMAIN PROPERLY PLEADED

The Court previously permitted Doe-officer pleading. The FAC now includes additional allegations concerning the participation and conduct of Doe officers during both incidents.

Because the identities of those officers remain uniquely within Defendants' control, dismissal of Doe defendants before discovery would be improper. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).

## XI. QUALIFIED IMMUNITY DOES NOT SUPPORT DISMISSAL

Qualified immunity does not support dismissal at this stage.

The FAC plausibly alleges violations of clearly established Fourth Amendment law concerning warrantless residential entry, physically present resident objections, and unconstitutional entry over objection.

Randolph clearly established that a physically present resident's objection overrides third-party consent. 547 U.S. at 122-23.

At minimum, qualified immunity cannot properly be resolved before factual development concerning the timing of Plaintiff's objections, officer knowledge, consent circumstances, and supervisory involvement.

See Keates v. Koile, 883 F.3d 1228, 1235 (9th Cir. 2018).

## XII. ALTERNATIVE REQUEST FOR LEAVE TO AMEND

If the Court identifies any narrowly limited pleading deficiency, Plaintiff respectfully requests leave to amend.

Plaintiff has already amended in good faith following the Court's prior order, and discovery has not yet occurred. Further amendment therefore would not be futile.

Fed. R. Civ. P. 15(a)(2).

## XIII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss the First Amended Complaint.

Alternatively, if the Court identifies any narrowly limited deficiency, Plaintiff respectfully requests leave to amend.

Respectfully submitted,

Dated: May 18, 2026

GEORGE VERDUGO
Plaintiff, Pro Se