SUSANA ALCALA WOOD, City Attorney (156366)
ARDELL JOHNSON, Assistant City Attorney (95340)
BRIAN LOFTUS, Sr. Deputy City Attorney (300887)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for City of San Jose,
Officer Rocha #5077, and Officer Leglu

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GEORGE VERDUGO,<br><br>Plaintiff(s),<br><br>v.<br><br>CITY OF SAN JOSE and OFFICER ROCHA #5077, et al.,<br><br>Defendant(s). | Case Number: 25-cv-08776-SVK<br><br>**DEFENDANT CITY OF SAN JOSE'S REPLY TO PLAINTIFFS' OPPOSITION ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: June 16, 2026<br>Time: 10:00 a.m.<br>Courtroom: 6, 4th Floor<br>Judge: Hon. Susan van Keulen |

## I. INTRODUCTION

Plaintiff has filed an Opposition to Defendants' Motion to Dismiss the First Amended Complaint (Dkt. 30, hereinafter "Opp"). Defendants hereby reply.

## II. ARGUMENT

The questions in this case are clear: did Plaintiff plead sufficient facts, rather than conclusory statements, to establish claims against Defendant Officer Rocha, Officer Leglu and the Doe

Supervisors for the October 15, 2023 arrest? Did Plaintiff pled sufficient facts to establish claims against the Doe Officers and Doe Supervisors regard the May 31, 2025 arrest pursuant to an arrest warrant? Did Plaintiff pled sufficient facts to establish a claim for municipal liability against the City of San Jose? The answer to all of these questions is no. All the facts and claims asserted in the First Amended Complaint ("FAC") do not make a cognizable claim against Officer Rocha, Officer Leglu, any Doe Officers or Doe Supervisors, nor the City of San Jose. Plaintiff failed to cure any of the pleading deficiencies from the original Complaint through the FAC. All Defendants are entitled to a motion to dismiss.

### A. THE FAC DOES NOT ALLEGE SUFFICIENT FACTS TO ESTABLISH A § 1983 CLAIM AGAINST OFFICER ROCHA OR OFFICER LEGLU.

As stated in Defendants' Motion to Dismiss the FAC (hereinafter "Motion"), the FAC fails to identify how Officer Rocha's entry to Plaintiff's residence on October 15, 2023 violated the Fourth Amendment. Plaintiff admits the FAC alleges officers entered the residence after obtaining consent from a tenant, Plaintiff became aware of their presence and objected to the entry, and officers nevertheless **remained** inside the residence and arrested Plaintiff. (Opp. at 4:20-23 (emphasis added)). Plaintiff further asserts that the officer's "reasonably continued their presence after Plaintiff's objection" is a disputed fact (Id. at 5:2-3). First, taking Plaintiff's argument in plain language, Officers Rocha and Leglu entered the residence based on consent from a co-tenant[1] and were already in the residence before Plaintiff revoked his consent to their entry. Therefore, Plaintiff's reliance on *Georgia v. Randolph*, 547 U.S. 103 (2006) is misplaced. First, the officers were already in the residence based on co-tenant consent before Plaintiff even spoke to them, therefore their entry did not violate the Fourth Amendment. Second, Plaintiff incorrectly argues that "Randolph held that a physically present resident's express refusal of consent overrides third-party consent for purposes of residential entry." (Opp. at 4:12-14) Plaintiff cites the decision to 547 U.S. 122-123. (Id.) That is not what the decision actually says. As Defendants argued in their Motion the Court explicitly said "This case invites a

---

[1] In the FAC Plaintiff argues that Officers entered the residence after receiving consent to enter from a co-tenant. (ECF 28 p. 3:1). Plaintiff was in his bedroom when Officers entered the home. (Id. p.3:2). In his opposition Plaintiff argues Officers received consent from a tenant. (ECF 30 p.4:21). While this may be unintentional, Defendants will continue using the term co-tenant as originally pled in the FAC.

straightforward application of the rule that a physically present inhabitant's express refusal of consent to a police **search** is dispositive as to him, regardless of the consent of a fellow occupant. Scott Randolph's refusal is clear, and nothing in the record justifies the **search** on grounds independent of Janet Randolph's consent." (*Georgia v. Randolph, supra*, 547 U.S. at 122-123(emphasis added)). Plaintiff has failed to address Defendants argument that the consent search issue outlined in *Georgia v Randolph* does not apply to the facts as pled in the FAC. Rather, he repeats that he was objecting to the Officer's entry. The FAC is clear that the Officers were already in the residence before Plaintiff exited his bedroom and objected to their entry. (FAC p.3:3-4). The fact that Officers remained in the residence and placed Plaintiff under arrest after is not disputed, but more importantly does not raise the Fourth Amendment issue the Court considered in *Randolph v. Georgia*. Plaintiff fails to address this issue in his response. The facts do not support a Fourth Amendment violation. As there is no way for Plaintiff to cure the deficiencies, amendment would be futile. The Court should dismiss with prejudice.

## A. THE FAC DOES NOT ALLEGE SUFFICIENT FACTS TO ESTABLISH A § 1983 CLAIM AGAINST OFFICER AGAINST ANY OFFICER FOR THE MAY 31, 2025 ARREST.

Plaintiff fails to refute nor respond to Defendants' arguments regarding his arrest on May 31, 2025 pursuant to a warrant. Plaintiff alleges he was arrested pursuant to an arrest warrant. (FAC p.3:27-28.) In the Opp, he argues that Officers lacked consent to enter the residence and effect service of the warrant. (Opp. p.5:9-17). Plaintiff cites to *Payton v. New* York, 445 U.S. 573 (1980) and *Illinois v. Rodriguez*, 497 U.S. 177, 188-189 (1990) to support his contention that Officers violated the Fourth Amendment. Neither case addresses the facts or issues in this case. Generally, *Payton v. New York* concerns warrantless entry and *Illinois v. Rodriguez* discusses third-party consent, neither is at issue when the police have an arrest warrant as they did here. Plaintiff makes no effort to argue the warrant was not valid nor does he attempt to argue the arrest pursuant to the warrant was not valid. For the reasons outlined in the Motion, Plaintiff fails to assert facts from which it could be concluded that any officer violated Plaintiff's rights.

## B. PLAINTFF FAILS TO STATE A CLAIM UNDER *MONELL*.

As stated in the Motion, the FAC fails to articulate any basis for municipal liability beyond

formulaic recitations of the existence of unlawful policies. The Opp. does not cure these deficiencies. Plaintiff asserts he must be allowed to conduct discovery in order to substantiate the policy or procedure he believes was violated. (Opp. p.7:4-5). Plaintiff asserts his *Monell* claim is based on officers disregarding his objection to the entry into his home, repeated residential-entry incidents involving the same constitutional concerns, supervisory ratification of his arrests, and training deficiencies regarding entry and "in-home arrest". (Opp. 6:17-21). Plaintiff has not shown how these pleadings are not simply formulaic recitations of unlawful policies. Additionally, he fails to show how they would apply to the situations that resulted in his arrest, specifically the May 31, 2025 arrest when there was a valid warrant for his arrest. He has not done so. Rather, he simply repeats his assertions that he was wronged due to ineffective training of officers on these issues. (Id.) As argued in the Motion, failure to train is the most tenuous theory and Plaintiff has failed to allege any facts that would establish a pattern of conduct might indicate such a failure to train. Plaintiff fails to argue that **any** SJPD policy directed any Officer's actions on either incident. Plaintiff 's conclusory statements regarding lack of training or policy therefore fail.

### C. THE SUPERVISORY AND FAILURE TO INTERVENE CLAIMS SHOULD BE DISMISSED.

Plaintiff has failed to refute Defendants arguments brought in their motion. Plaintiff asserts that "supervisory officers personally arrived during both incidents, observed Plaintiff objecting to entry, approved unconstitutional conduct, failed to intervene, and ratified the conduct afterward." (Opp. p.7:11-13). This is contradicted by the FAC. Regarding the October 15, 2023 incident, Plaintiff alleged he requested a supervisor respond to the scene after Officers Rocha and Leglu arrested him and the supervisor later arrived. (FAC p. 3:11-14) By Plaintiff's own admission the supervisor could not have observed him objecting to entry nor the entry by Officers Rocha and Leglu. Plaintiff also admits he was arrested for indecent exposure. (Id. at p.3:21-22). Plaintiff contends the supervisor should have invalidated the arrest because of lack of consent but fails to point to any authority that supports that premise. Because the supervisor arrived after the arrest, Plaintiff fails to establish he had was involved in the alleged unlawful entry. Regarding the May 31, 2025 incident, Plaintiff fails to explain how the entry and arrest pursuant to an arrest warrant violated his rights. Plaintiff is simply

mistaken that his lack of consent somehow makes the Officers' conduct unconstitutional. Accordingly, any supervisor's actions taken on that day could not amount to a claim for ratification or failure to intervene.

The FAC summarily alleges that multiple unnamed officers had an opportunity to intervene in Plaintiff's arrest. (FAC p.12:14-24.) The FAC does not allege what any of those officers did, where they were, or whether they would have known of Plaintiff's protestations or any other circumstances that allegedly made Plaintiff's arrest improper. Plaintiff fails to cure this defect and instead cites to the exact authority Defendants used to support the Motion. Therefore, these claims should be dismissed.

## III. <u>CONCLUSION</u>

For the reasons set forth herein, and in the Motion, Defendants respectfully request dismissal of all claims against all Defendants with prejudice.

Dated: May 27, 2026

Respectfully submitted,

SUSANA ALCALA WOOD, City Attorney

By: *<u>/s/ Brian J. Loftus</u>*
BRIAN J. LOFTUS
Senior Deputy City Attorney

Attorneys for Defendants CITY OF SAN JOSE, OFFICER ROCHA #5077, AND OFFICER LEGLU

# CERTIFICATE OF SERVICE

**CASE NAME:** *Verdugo v. City of San Jose et al*

**CASE NO.:** 5:25-cv-08776-SVK

I, the undersigned declare as follows:

I am over 18 years of age and not a party to this action. My business address is 200 East Santa Clara Street, San Jose, California 95113-1905, and is located in the county where the service described below occurred.

On May 27, 2026, I caused to be served the within:

**DEFENDANT CITY OF SAN JOSE'S REPLY TO PLAINTIFFS' OPPOSITION ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

☒ by MAIL, with a copy of this declaration, by depositing them into a sealed envelope, with postage fully prepaid, and causing the envelope to be deposited for collection and mailing on the date indicated above.

I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. Said correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

Addressed as follows:

George Verdugo
2984 Almond Dr.
San Jose, CA 95148

***Pro Se***

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 27, 2026, at San Jose, California.

*/s/ Elizabeth Adams*
ELIZABETH ADAMS