GEORGE VERDUGO
2984 Almond Drive
San Jose, CA 95148
408 401 5636

Plaintiff, Pro Se

FILED

AUG 18 2026 CH

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| **GEORGE VERDUGO,**<br><br>Plaintiff,<br><br>vs.<br><br>**CITY OF SAN JOSÉ; OFFICER ROCHA (#5077); OFFICER LEGLU; and DOES 1–10,**<br><br>Defendant | Case No.: 5:25-cv-08776-SVK<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES (42 U.S.C. § 1983) JURY TRIAL DEMANDED**<br><br>Date:<br>Time:<br>Courtroom: 6. 4th Floor<br>Judge: Hon. Susan van Keulen |

## I. JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Santa Clara County, California, within the Northern District of California.

## II. PARTIES

2. Plaintiff George Verdugo is an adult resident of San Jose, California

3. Defendant City of San Jose is, and at all relevant times was, a municipal entity responsible for the ratification, and discipline of the San Jose Police Department ("SJPD").

4. Defendant Officer Rocha (#5077) is, and at all relevant times was, an SJPD officer acting under color of state law.

5. Defendant Officer Leglu is, and at all relevant times was, an SJPD officer acting under color of state law.

6. Defendants Does 1 through 10 are SJPD officers, or other persons whose true names and capacities are presently unknown to Plaintiff.

7. These Doe Defendants include, without limitation, DOE SUPERVISOR 1 — the supervising sergeant who responded to the scene and ratified the challenged conduct on October 15, 2023 — and any additional presently-unknown SJPD officers ("DOE OFFICERS") whose involvement in that incident is revealed through discovery. Each Doe Defendant participated in, directed, authorized, ratified, or failed to prevent the unconstitutional conduct alleged herein.

8. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

9. Each Doe Defendant is liable for one or more of the claims for relief alleged below.

10. At all relevant times, each Defendant acted under color of state law and within the course and scope of his or her employment, agency, or authority.

## III. FACTUAL ALLEGATIONS

### A. October 15, 2023 Warrantless Entry and In-Home Arrest

11. On October 15, 2023, SJPD officers, including Officer Rocha and Officer Leglu, came to Plaintiff's residence in San Jose, California.

12. The officers did not possess a search warrant, and the officers did not possess an arrest warrant.

13. The officers asserted that a co-tenant had made a 911 report alleging indecent exposure.

14. The officers entered the residence based on purported consent from that co-tenant.

15. Plaintiff was inside his bedroom when the officers entered the home. As soon as Plaintiff became aware of the officers' presence inside the home, he came out of his bedroom and expressly objected to their entry.

16. Plaintiff clearly told the officers that he did not consent to their entry and that they needed to leave the residence.

17. Plaintiff was physically present in the residence and expressly refused consent while the officers were still inside the home.

18. Despite Plaintiff's clear and immediate objection, the officers remained inside the residence. Officers Rocha and Leglu physically arrested Plaintiff inside his home and placed him in handcuffs.

19. Plaintiff requested that a supervisor respond to the scene. A supervising officer, presently identified as DOE SUPERVISOR 1, later arrived. DOE SUPERVISOR 1 was a white male approximately in his 50s to 60s.

20. Plaintiff informed DOE SUPERVISOR 1 that the officers had entered and arrested him unconstitutionally over his objection and without a warrant. Rather than correcting the violation or directing the officers to leave, DOE SUPERVISOR 1 ratified the conduct and stated, "Take it up with Internal Affairs."

21. After the arrest, Plaintiff was transported for booking.

22. The District Attorney later declined to file charges arising from the indecent exposure allegation.

23. The October 15, 2023 incident caused Plaintiff humiliation, embarrassment, emotional distress, and loss of security in his home.

**B. Absence of Exigent Circumstances**

24. At no time during the October 15, 2023 incident did exigent circumstances exist. At no time did officers observe any ongoing violent crime inside the home. At no time did officers observe any immediate threat to officer safety or the safety of others that required immediate warrantless entry. At no time did officers observe any emergency requiring immediate entry to render aid. The officers' conduct was therefore not justified by exigent circumstances.

**C. Body-Worn Cameras and City-Controlled Evidence**

25. On information and belief, body-worn cameras recorded material portions the incident, including Plaintiff's objections and the conduct of the responding officers and supervisors.

26. The City of San Jose and SJPD possess, control, or have access to body-worn camera recordings, dispatch records, incident reports, arrest records, supervisory records, and related evidence concerning these events.

**D. Damages and Harm to Plaintiff**

27. Plaintiff was arrested inside his home and despite having no prior arrest history at age

28. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer emotional distress, psychological injury, reputational harm, loss of liberty, and economic losses.

29. Plaintiff was handcuffed and removed from his residence in view of neighbors and other occupants, causing significant humiliation and embarrassment.

30. Plaintiff reasonably believes that neighbors now view him as a criminal, causing reputational harm and social stigma in the neighborhood where he has longstanding family ties.

31. Plaintiff has experienced ongoing fear of law enforcement, including anxiety upon seeing police vehicles or officers.

32. Plaintiff reasonably fears that law enforcement may again enter his home without lawful authority, causing him ongoing anxiety and altering his behavior within his own residence.

33. Plaintiff has suffered sleep disruption, including difficulty falling asleep and staying asleep, resulting in fatigue and decreased daily functioning.

34. Plaintiff has experienced heightened anxiety, stress, irritability, and emotional distress, which have been observed by family and friends.

35. Plaintiff has developed distrust toward others, including individuals living in his home, negatively impacting his personal relationships.

36. Plaintiff has reduced social interactions and engagement in normal daily activities due to fear, anxiety, embarrassment, and stigma.

37. Plaintiff has sought psychiatric care and treatment as a result of these incident.

38. Plaintiff has incurred financial losses, including bail costs associated with the arrest.

39. Plaintiff has experienced a diminished sense of safety and security in his own home, which he previously considered a place of stability and personal refuge.

40. Plaintiff has developed a diminished trust in law enforcement and reasonably believes that officers may not act in his interest if he requires assistance, causing him to avoid seeking police help when he otherwise would.

41. Plaintiff has experienced a loss of motivation and disruption in completing a major home remodeling project due to stress and emotional impact from the arrest and police conduct.

42. Plaintiff has experienced internal conflict and distress related to seeking psychiatric care, contributing to feelings of stigma and difficulty in accepting the need for treatment.

43. Plaintiff completed law school in 2017 and has experienced a decline in confidence in his professional abilities and future career prospects, including concerns about whether he can pursue a legal career after the arrest and in light of the emotional and psychological impact of the incident.

44. Plaintiff continues to experience uncertainty, stress, diminished confidence, and emotional distress as he attempts to reconcile what happened, how he was treated by police, and the impact of those events on his personal and professional life.

## IV. CLAIMS FOR RELIEF

### COUNT ONE - 42 U.S.C. § 1983 - UNLAWFUL ENTRY IN VIOLATION OF THE FOURTH AMENDMENT

(Against Officer Rocha, Officer Leglu, and DOE OFFICERS)

45. Plaintiff incorporates by reference previous paragraphs as though fully set forth herein.

46. The home is entitled to the highest level of protection under the Fourth Amendment. Plaintiff had a clearly established right to be free from warrantless entry into his home absent a warrant, valid consent, or exigent circumstances.

47. At all relevant times, it was clearly established under Payton v. New York, 445 U.S. 573 (1980), Steagald v. United States, 451 U.S. 204 (1981), Georgia v. Randolph, 547 U.S. 103 (2006), and related Ninth Circuit authority that officers may not enter a home absent a warrant, valid consent, or exigent circumstances, and that a physically present resident's express refusal of consent prevents officers from relying on third-party consent to enter.

48. On October 15, 2023, SJPD officers, Defendant Rocha and Defendant Leglu, intentionally entered Plaintiff's residence.

49. The officers lacked a warrant and remained inside the residence after Plaintiff, who was physically present, immediately and expressly objected.

50. At no time during the incident did exigent circumstances justify the warrantless entry. The entry was objectively unreasonable under the Fourth Amendment.

51. As a direct and proximate result of the unlawful entry, Plaintiff suffered the injuries and damages alleged herein.

**COUNT TWO - 42 U.S.C. § 1983 - UNLAWFUL IN-HOME ARREST IN VIOLATION OF THE FOURTH AMENDMENT**

(Against Officer Rocha, Officer Leglu, and DOE OFFICERS)

52. Plaintiff incorporates by reference previous paragraphs as though fully set forth herein. Plaintiff had a clearly established right to be free from an in-home arrest that was accomplished through unconstitutional entry.

53. On October 15, 2023, Defendants Rocha, Leglu, arrested Plaintiff inside his home after unlawfully remaining inside the residence over Plaintiff's objection.

54. The in-home arrest was objectively unreasonable and violated Plaintiff's Fourth Amendment rights.

55. As a direct and proximate result of the unlawful arrest, Plaintiff suffered the injuries and damages alleged herein.

**COUNT THREE - 42 U.S.C. § 1983 - SUPERVISORY LIABILITY**

(Against DOE SUPERVISOR 1)

56. Plaintiff incorporates by reference previous paragraphs as though fully set forth herein.

57. DOE SUPERVISOR 1 arrived on scene while Plaintiff was still under arrest on October 15, 2023, knew that Plaintiff had objected to the officers' warrantless entry and in-home arrest, and had the authority and opportunity to correct or stop the unconstitutional conduct.

58. Rather than correct or stop the unconstitutional conduct, DOE SUPERVISOR 1 ratified it by approving the arrest and telling Plaintiff to "Take it up with Internal Affairs."

59. DOE SUPERVISOR 1 personally participated in, directed, authorized, approved, and ratified the constitutional violations alleged herein, and its decision reflected and implemented the City's warrantless home entry and in-home arrest based on purported co-tenant consent.

60. DOE SUPERVISOR 1 decisions to approve and ratify the warrantless entry and in-home arrest reflected systemic failures in the City's home-entry rules and co-tenant consent.

61. As a direct and proximate result of the supervisory defendants' conduct, Plaintiff suffered the injuries and damages alleged herein

**COUNT FOUR - 42 U.S.C. § 1983 - FAILURE TO INTERVENE**

(Against Officer Rocha, Officer Leglu, DOE SUPERVISOR 1, and DOE OFFICERS)

62. Plaintiff incorporates by reference previous paragraphs as though fully set forth herein.

63. During the incident, officers Rocha and Leglu were present while the unconstitutional conduct occurred, including while Plaintiff repeatedly objected to warrantless entry and in-home arrest.

64. Plaintiff expressly and repeatedly informed officers during the incident that he did not consent to their entry, that they could not lawfully enter his home over his objection, and that their conduct was unconstitutional.

65. During the incident, officers Rocha and Leglu were on scene, observed Plaintiff's repeated objections and the supervisor's authorization or ratification of the challenged conduct, and had time to react, yet no officer attempted to stop, prevent, or question the unlawful entry and arrest.

66. Each individual defendant had a realistic opportunity—ranging from several minutes on October 15, 2023 to prevent or stop the constitutional violations but failed to do so.

67. Despite that opportunity, the individual defendants failed to intervene to prevent the unlawful entry into Plaintiff's home and the unlawful in-home arrest.

68. As a direct and proximate result of that failure to intervene, Plaintiff suffered the injuries and damages alleged herein.

**COUNT FIVE - 42 U.S.C. § 1983 - MUNICIPAL LIABILITY UNDER MONELL**

(Against Defendant City of San Jose)

69. Plaintiff incorporates by reference previous paragraphs as though fully set forth herein.

70. The constitutional violations suffered by Plaintiff were caused by ratification by the City of San Jose.

71. The conduct alleged herein reflects a ratification within the San Jose Police Department of entering homes without warrants over the express objection of a physically present resident, relying on purported third-party consent without reasonably investigating authority to consent, and disregarding the clearly established rule that officers may not enter a home without exigent circumstances when a present resident refuses consent.

72. DOE SUPERVISOR 1 approved and ratified the unconstitutional entry and in-home arrest during the incident instead of correcting them, even though he had time and authority on scene to stop the violations.

73. The supervisory response, "Take it up with Internal Affairs," given by DOE SUPERVISOR 1 after Plaintiff expressly protested the unconstitutionality of the officers' conduct, supports the inference that supervisory personnel approved, tolerated, and ratified the violations and that officers were effectively encouraged to handle similar situations in the same way.

74. On information and belief, SJPD sergeants and lieutenants, including DOE SUPERVISOR 1, are responsible for making and enforcing field decisions regarding whether and how officers may enter homes and make arrest in response to calls and warrants, and their approval of the warrantless home entry and in-home arrest alleged herein reflected and implemented the City's ratification in this area.

75. The City's ratification was the moving force behind the constitutional violations suffered by Plaintiff.

76. As a direct and proximate result of the City's ratification, Plaintiff suffered the injuries and damages alleged herein.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants, and each of them, as follows:

A. For compensatory damages according to proof;

B. For punitive damages against the individual defendants according to proof;

C. For costs of suit herein incurred;

D. For pre-judgment and post-judgment interest as allowed by law;

E. For such other and further relief as the Court deems just and proper.

F. For reasonable attorneys' fees and costs under 42 U.S.C. § 1988 in the event Plaintiff is represented by counsel;

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

DATED: August 18, 2026

GEORGE VERDUGO
Plaintiff, Pro Se