SUSANA ALCALA WOOD, City Attorney (156366)
ARDELL JOHNSON, Assistant City Attorney (95340)
BRIAN LOFTUS, Chief Deputy City Attorney (300887)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for Defendants City of San Jose,
Officer Rocha #5077, and Officer Leglu

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GEORGE VERDUGO,<br><br>Plaintiff(s),<br><br>v.<br><br>CITY OF SAN JOSE and OFFICER ROCHA #5077, OFFICER LEGLU, and DOES 1-10, inclusive,<br><br>Defendant(s). | Case Number: 25-CV-08776-SVK<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendants CITY OF SAN JOSE and OFFICERS ROCHA and LEGLU ("Defendants") hereby answer Plaintiff's Second Amended Complaint ("SAC") as follows:

1. Defendants admit that the SAC purports to make the claims identified and this Court has jurisdiction over Plaintiff's claims but deny that any action arose from the incidents alleged in the SAC.

2. Defendants are without sufficient knowledge or information to forma belief as to the truth of the allegation and on that basis deny the allegation.

3. Defendants admit the City of San Jose is public entity under California law. The remainder of Paragraph 3 alleges a legal conclusion to which Defendants are not required to respond; to the extent a response is required, Defendants deny the allegations.

4. Defendants admit that Defendant Officer Rocha was employed by the City of San Jose and was acting under color of law and within the course and scope of his employment as an officer for the San Jose Police Department at the time of the incident alleged in the SAC.

5. Defendants admit that Defendant Officer Leglu was employed by the City of San Jose and was acting under color of law and within the course and scope of his employment as an officer for the San Jose Police Department at the time of the incident alleged in the SAC.

6. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Doe Defendants and on that basis deny the allegations. Defendants further respond that Doe Defendants are not permitted.

7. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Doe Defendants and on that basis deny the allegations. Defendants further respond that Doe Defendants are not permitted.

8. Paragraph 8 does not contain an allegation to which Defendants are not required to respond; to the extent a response is required, Defendants deny the allegation.

9. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Doe Defendants and on that basis deny the allegations. Defendants further respond that Doe Defendants are not permitted.

10. Defendants admit that the named Defendant Officers were employed by the City of San Jose and were acting under color of law and within the course and scope of their employment as an officer for the San Jose Police Department at the time of the incident alleged in the SAC. The remainder of Paragraph 10 alleges a legal conclusion to which Defendants are not required to respond; to the extent a response is required, Defendants deny the allegations.

11. Defendants admit that Officers Rocha and Leglu responded to a call for service on October 15, 2023. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 11 and on that

basis deny the allegations.

12. Defendants admit that Defendant officers did not possess an arrest warrant for Plaintiff on October 15, 2023 nor did they possess a search warrant for the address where Plaintiff was contacted on October 15, 2023. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 regarding general possession of search and arrest warrants by Defendant officers and on that basis deny the remaining allegations.

13. Defendants admit that Officers Rocha and Leglu responded to a call for service regarding indecent exposure on October 15, 2023. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 13 and on that basis deny the allegations.

14. Defendants admit Officers Rocha and Leglu obtained consent from a victim who lived at the residence and reported she was subjected to indecent exposure by Plaintiff to enter the common areas of the residence where they responded on October 15, 2023.

15. Defendants are without sufficient knowledge or information regarding Plaintiff's actions or perceptions prior to his contact with Defendant officers to form a belief as to the truth of the allegations in Paragraph 15 and on that basis deny the allegations.

16. Defendants deny the allegations.

17. Defendants deny the allegations.

18. Defendants admit that Plaintiff was arrested for indecent exposure. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 18 and on that basis deny the allegations.

19. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and on that basis deny the allegations.

20. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 and on that basis deny the allegations.

21. Defendants admit Plaintiff was booked into the Santa Clara County Jail.

22. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 and on that basis deny the allegations.

23. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's mindset in Paragraph 23 and on that basis deny the allegations.

24. Paragraph 24 asserts a legal conclusion to which Defendants are not required to respond; to the extent a response is required, Defendants deny the allegations.

25. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 and on that basis deny the allegations.

26. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 and on that basis deny the allegations.

27. Defendants admit that Plaintiff was arrested for indecent exposure. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 27 and on that basis deny the allegations.

28. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's injuries and on that basis deny the allegations. Defendants deny the remaining allegations of Paragraph 28.

29. Defendants admit that Plaintiff was arrested for indecent exposure. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 29 and on that basis deny the allegations.

30. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 30 and on that basis deny the allegations.

31. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's injuries or beliefs and on that basis deny the allegations. Defendants deny the remaining allegations of Paragraph 31.

32. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's beliefs and on that basis deny the allegations. Defendants deny the remaining allegations of Paragraph 32.

33. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's injuries and on that basis deny the allegations. Defendants deny the remaining allegations of Paragraph 33.

34. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's injuries and on that basis deny the allegations. Defendants deny the remaining allegations of Paragraph 34.

35. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's beliefs and on that basis deny the allegations. Defendants deny the remaining allegations of Paragraph 35.

36. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's activities and on that basis deny the allegations. Defendants deny the remaining allegations of Paragraph 36.

37. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's injuries and treatment and on that basis deny the allegations. Defendants deny the remaining allegations of Paragraph 37.

38. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's injuries and on that basis deny the allegations. Defendants deny the remaining allegations of Paragraph 38.

39. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's injuries and on that basis deny the allegations. Defendants deny the remaining allegations of Paragraph 39.

40. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's beliefs and on that basis deny the allegations. Defendants deny the remaining allegations of Paragraph 40.

41. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's injuries and activities and on that basis deny the allegations. Defendants deny the remaining allegations of Paragraph 41.

42. Defendants are without sufficient knowledge or information to form a belief as

to the truth of the allegations regarding Plaintiff's activities and on that basis deny the allegations. Defendants deny the remaining allegations of Paragraph 42.

43. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's beliefs and activities and on that basis deny the allegations. Defendants deny the remaining allegations of Paragraph 43.

44. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's injuries or treatment and on that basis deny the allegations. Defendants deny the remaining allegations of Paragraph 44.

45. Defendants incorporate their responses to Paragraphs 1-44 of the SAC.

46. Paragraph 46 asserts a legal conclusion to which Defendants are not required to respond; to the extent a response is required, Defendants deny the allegations.

47. Paragraph 47 asserts a legal conclusion to which Defendants are not required to respond; to the extent a response is required, Defendants deny the allegations.

48. Defendants admit Officers Rocha and Leglu obtained consent from a victim who lived at the residence and reported she was subjected to indecent exposure by Plaintiff to enter the common areas of the residence where they responded on October 15, 2023. Defendants further admit Plaintiff was arrested inside that residence.

49. Defendants admit Officers Rocha and Leglu obtained consent from a victim who lived at the residence and reported she was subjected to indecent exposure by Plaintiff to enter the common areas of the residence where they responded on October 15, 2023. Defendants further admit Plaintiff was arrested inside that residence. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's actions and on that basis deny the remaining allegations of Paragraph 49.

50. Paragraph 50 asserts a legal conclusion to which Defendants are not required to respond; to the extent a response is required, Defendants deny the allegations.

51. Defendants deny the allegations.

52. Defendants incorporate their responses to Paragraphs 1-51 of the SAC.

Paragraph 52 asserts a legal conclusion to which Defendants are not required to respond; to the extent a response is required, Defendants deny the allegations.

53. Defendants admit Officers Rocha and Leglu obtained consent from a victim who lived at the residence and reported she was subjected to indecent exposure by Plaintiff to enter the common areas of the residence where they responded on October 15, 2023. Defendants further admit Plaintiff was arrested inside that residence. The remainder of Paragraph 53 asserts a legal conclusion to which Defendants are not required to respond; to the extent a response is required, Defendants deny the allegations.

54. Paragraph 54 asserts a legal conclusion to which Defendants are not required to respond; to the extent a response is required, Defendants deny the allegations.

55. Defendants deny the allegations.

56. Defendants incorporate their responses to Paragraphs 1-56 of the SAC.

57. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Doe Defendants and on that basis deny the allegations. Defendants further respond that Doe Defendants are not permitted.

58. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Doe Defendants and on that basis deny the allegations. Defendants further respond that Doe Defendants are not permitted.

59. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Doe Defendants and on that basis deny the allegations. Defendants further respond that Doe Defendants are not permitted.

60. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Doe Defendants and on that basis deny the allegations. Defendants further respond that Doe Defendants are not permitted.

61. Defendants deny the allegations.

62. Defendants incorporate their response to Paragraphs 1-61 of the SAC.

63. Defendants deny the allegations.

64. Defendants deny the allegations.

65. Defendants deny the allegations.

66. Defendants deny the allegations.

67. Defendants deny the allegations.

68. Defendants deny the allegations.

69. Defendants incorporate their responses to Paragraphs 1-68 of the SAC.

70. Defendants deny the allegations.

71. Defendants deny the allegations.

72. Defendants deny the allegations.

73. Defendants deny the allegations.

74. Paragraph 74 alleges a legal conclusion to which Defendants are not required to respond; to the extent a response is required, Defendants deny the allegations.

75. Defendants deny the allegations.

76. Defendants deny the allegations.

Defendants deny that Plaintiff is entitled to any relief.

## <u>AFFIRMATIVE DEFENSES</u>

AS FOR A FIRST AFFIRMATIVE DEFENSE, Defendants allege that the SAC fails to state a claim upon which relief can be granted.

AS FOR A SECOND AFFIRMATIVE DEFENSE, Defendants allege that the SAC fails to state sufficient facts to establish any Defendant committed or is otherwise legally responsible for a constitutional violation under 42 U.S.C. § 1983.

AS FOR A THIRD AFFIRMATIVE DEFENSE, Defendants allege that any harm that Plaintiff suffered was the result of negligent or otherwise wrongful conduct of persons other than Defendants, including the conduct of Plaintiff, and that the conduct of persons other than Defendants was the sole and proximate cause of the injuries and damages alleged by Plaintiff.

AS FOR A FOURTH AFFIRMATIVE DEFENSE, Defendants Rocha and Leglu assert that they are protected by qualified immunity.

AS FOR A FIFTH AFFIRMATIVE DEFENSE, Defendants allege that their actions

towards Plaintiff were the result of Plaintiff's and others' negligence and/or criminal conduct and that said actions of the Plaintiff and others were the sole and proximate cause of any damages alleged by Plaintiff in this case.

AS FOR A SIXTH AFFIRMATIVE DEFENSE, Defendants allege that the actions complained of were lawful and justified under the facts of the case and at all times were in defense of self and others.

AS FOR A SEVENTH AFFIRMATIVE DEFENSE, Defendants allege that they are entitled to immunity by virtue of the provisions California Government Code sections 815.2(b), 820.2, 820.4, 820.8, and 821.6.

AS FOR AN EIGHTH AFFIRMATIVE DEFENSE, Defendants allege that they are protected by the affirmative defenses provided by California Penal Code sections 834a, 835, 835a, 836, and 836.5.

WHEREFORE, Defendants pray:

1. That Plaintiff takes nothing by his Second Amended Complaint;
2. That Plaintiff's Second Amended Complaint be dismissed with prejudice;
3. That Defendants be awarded costs of suit, including attorney's fees incurred herein; and
4. For such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Defendants demand a trial by jury.

Respectfully submitted,

Dated: September 8, 2026

SUSANA ALCALA WOOD, City Attorney

By: /s/ Brian Loftus
BRIAN LOFTUS
Chief Deputy City Attorney

Attorneys for Defendants City of San Jose, Officer Rocha #5077, and Officer Leglu

**PROOF OF SERVICE**

CASE NAME: *Verdugo v. City of San Jose et al*

CASE NO.: 25-CV-08776-SVK

I, the undersigned declare as follows:

I am a citizen of the United States, over 18 years of age, employed in Santa Clara County, and not a party to the within action. My business address is 200 East Santa Clara Street, San Jose, California 95113-1905, and is located in the county where the service described below occurred.

On September 8, 2026, I caused to be served the within:

**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

☒ by MAIL, with a copy of this declaration, by depositing them into a sealed envelope, with postage fully prepaid, and causing the envelope to be deposited for collection and mailing on the date indicated above.

I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. Said correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

Addressed as follows:

George Verdugo
2984 Almond Dr.
San Jose, CA 95148

Pro Se

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 8, 2026, at San Jose, California.

*/s/George Touba*
George Touba