GEORGE VERDUGO
2984 Almond Drive
San Jose, CA 95148
Telephone: (408) 401-5636
Email: georgeverdugo@gmail.com
Plaintiff, Pro Se

FILED
CH
OCT 07 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RECEIVED
2026 OCT 07 16:46
CLERK, U.S. DISTRICT COURT
NO. DIST. OF CA.

| | |
|---|---|
| GEORGE VERDUGO,<br>Plaintiff,<br>v.<br>CITY OF SAN JOSE, OFFICER ROCHA #5077, and OFFICER LEGLU, et al., and DOES 1–10, inclusive,<br>Defendants. | Case Number: 5:25-cv-08776-SVK<br>**PLAINTIFF'S SEPARATE INITIAL CASE MANAGEMENT STATEMENT**<br>Date: October 15, 2026<br>Time: 9:30 a.m.<br>Courtroom: Zoom<br>Judge: Hon. Susan van Keulen |

Pursuant to Civil L.R. 16-9(a), Fed. R. Civ. P. 26(f), and the Clerk's Notice Setting Case Management Conference (Dkt. 36), Plaintiff George Verdugo, appearing pro se, submits this separate Case Management Statement. Because Plaintiff is not represented by counsel, the Parties are filing separate statements. Civil L.R. 16-9(a).

## PLAINTIFF'S SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT

## I. JURISDICTION AND SERVICE

This action arises under 42 U.S.C. § 1983. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in this district. All named parties have been served, and no party remains to be

served.

## II. FACTS

On October 15, 2023, SJPD Officers Rocha and Leglu entered Plaintiff's residence and arrested him without a warrant. The entry was based solely on a co-tenant's consent. Plaintiff objected at the first opportunity available to him upon becoming aware that officers had entered. A supervising officer ("Doe Supervisor 1") responded to the scene and ratified the officers' conduct. Plaintiff disputes Defendants' characterization of the incident and will develop the full factual record, including body-worn camera, CAD, and 911 evidence, through discovery.

## III. LEGAL ISSUES

The principal disputed legal issues include: (a) whether the warrantless entry and in-home arrest violated the Fourth Amendment where Plaintiff objected at his first opportunity, see Georgia v. Randolph, 547 U.S. 103 (2006); (b) whether Doe Supervisor 1 is liable for ratifying the entry and arrest; (c) whether any Defendant failed to intervene; (d) whether the City is liable under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), on a ratification/policy theory; and (e) whether the individual Defendants are entitled to qualified immunity.

## IV. MOTIONS

None currently pending. Defendants have stated an intention to file a motion for summary judgment.

## V. AMENDMENT OF PLEADINGS

Plaintiff does not presently anticipate further amendment, subject to facts developed in discovery.

## VI. EVIDENCE PRESERVATION

Plaintiff has reviewed the ESI Guidelines. Because the Parties have not yet conducted a Rule 26(f) conference, Plaintiff has not been able to confirm Defendants' preservation of body-worn camera, CAD/dispatch, and 911 materials specific to October 15, 2023, and requests that the Court confirm such preservation at the earliest opportunity.

## VII. DISCLOSURES

No Rule 26(a)(1) disclosures have been exchanged because the Parties have not yet

conducted a Rule 26(f) conference. Plaintiff is prepared to exchange disclosures promptly once a conference is held.

## VIII. DISCOVERY

No discovery has occurred because the Parties have not yet conducted a Rule 26(f) conference. Plaintiff anticipates seeking, among other things, body-worn camera footage, CAD/dispatch records, and 911 audio in native format, and depositions of Officer Rocha, Officer Leglu, Doe Supervisor 1, and a Rule 30(b)(6) deposition of the City.

## IX. CLASS ACTIONS

Not applicable.

## X. RELATED CASES

Plaintiff has a separate, pending matter in the Santa Clara County Superior Court, George Verdugo v. City of San Jose, Case No. 26CV497877 — a petition for relief from Gov. Code § 945.4's claim-presentation requirement, filed pursuant to Gov. Code § 946.6, concerning the May 2025 incident as to which Plaintiff's federal claims were dismissed with prejudice. Plaintiff is preparing a Notice of Pendency of Other Action pursuant to Civil L.R. 3-13, to be filed separately.

## XI. RELIEF

Plaintiff seeks compensatory damages, punitive damages against the individual Defendants, costs of suit, pre-judgment and post-judgment interest as allowed by law, reasonable attorneys' fees and costs under 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

## XII. SETTLEMENT AND ADR

Plaintiff is open to a settlement conference before a Magistrate Judge, but believes it would be most productive after the Parties have conducted the Rule 26(f) conference and obtained the body-worn camera, CAD, and 911 evidence central to this case.

## XIII. OTHER REFERENCES

Plaintiff does not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV. NARROWING OF ISSUES

Plaintiff will seek to narrow issues through discovery. The Parties have not yet conferred on this topic.

**XV. EXPEDITED TRIAL PROCEDURE**

Plaintiff does not believe this case is suitable for the Expedited Trial Procedure.

**XVI. SCHEDULING**

Because the Parties have not yet conducted a Rule 26(f) conference, Plaintiff respectfully requests that the Court set a full scheduling order after that conference occurs. Plaintiff does not oppose a schedule generally similar in shape to that proposed in Defendants' statement, adjusted to account for the delayed start of discovery.

**XVII. TRIAL**

Plaintiff demands a jury trial. Plaintiff anticipates a trial of approximately 5 to 7 court days, given the number of parties and claims.

**XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, there is no conflict or interest (other than the named parties) to report.

**XIX. PROFESSIONAL CONDUCT**

Plaintiff, appearing pro se, is aware of and endeavors to act consistently with the Guidelines for Professional Conduct for the Northern District of California.

**XX. OTHER**

The Parties have not yet conducted the Rule 26(f) conference required by Fed. R. Civ. P. 26(f). Plaintiff respectfully requests that the Court order the Parties to complete the Rule 26(f) conference, and to exchange initial disclosures under Fed. R. Civ. P. 26(a)(1), within 14 days after the Case Management Conference.

Dated: October 7, 2026

Respectfully submitted,

[signature]

______________________________

George Verdugo
Plaintiff, Pro Se

## CASE MANAGEMENT ORDER

The above Case Management Statement is approved as the Case Management Order for this case, and all parties shall comply with its provisions.

Other Orders: ______________________________

IT IS SO ORDERED.

Dated: ____________________

____________________________
HON. SUSAN VAN KEULEN
United States Magistrate Judge

GEORGE VERDUGO

2984 Almond Drive, San Jose, CA 95148
(408) 401-5636 | georgeverdugo@gmail.com
Plaintiff Pro Se

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

GEORGE VERDUGO v. CITY OF SAN JOSE, et al. Case No. 5:25-cv-08776-SVK

**PROOF OF SERVICE**

I, George Verdugo, declare: I am the Plaintiff in this action. My address is 2984 Almond Drive, San Jose, CA 95148.

On October 7, 2026, I served the following document: PLAINTIFF'S SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT

by placing a true copy in a sealed envelope, with first-class postage fully prepaid, and depositing it in the United States mail at San Jose, California, addressed as follows (Fed. R. Civ. P. 5(b)(2)(C)):

Brian Loftus, Chief Deputy City Attorney
Office of the City Attorney, City of San José
200 East Santa Clara Street, 16th Floor
San José, CA 95113

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 7, 2026, at San Jose, California.

______________________________
George Verdugo, Plaintiff Pro Se