GEORGE VERDUGO
2984 Almond Drive
San Jose, CA 95148
Telephone: (408) 401-5636
Email: georgeverdugo@gmail.com
Plaintiff, Pro Se

FILED
NOV 05 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| GEORGE VERDUGO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE; OFFICER ROCHA (#5077); OFFICER LEGLU; and DOES 1-10,<br><br>Defendants. | Case No. 5:25-cv-08776-SVK<br><br>**PLAINTIFF'S NOTICE OF FILING OF SEPARATE CASE MANAGEMENT STATEMENT AND SUPPORTING DECLARATION IN RESPONSE TO ORDER (DKT. 46)**<br><br>Date: November 10, 2026<br>Time: 9:30 a.m.<br>Place: Zoom webinar<br>Judge: Hon. Susan van Keulen |

On November 4, 2026, the Court issued a text-only order (Dkt. 46) stating that Plaintiff did not file a Case Management Statement by the November 3, 2026 deadline, and directing Plaintiff to do so by 5:00 p.m. on November 5, 2026.

Plaintiff filed the following two documents in person at the Clerk's Office of this Court, 280 South First Street, San José, California, on November 3, 2026, at approximately noon:

1. Plaintiff's Separate Case Management Statement and [Proposed] Order; and
2. Declaration of George Verdugo Pursuant to Civil L.R. 16-9(a) in Support of Plaintiff's Separate Case Management Statement.

The Clerk stamped each document "ORIGINAL FILED" and dated it November 3, 2026. True and correct copies of the stamped first pages are attached as Exhibit A (Statement) and Exhibit B (Declaration). As of the docket report Plaintiff obtained at 5:36 p.m. on November 4, 2026, neither document had been entered on the docket.

To comply with the Court's order, Plaintiff submits with this Notice complete copies of both documents as filed on November 3, 2026, without change.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 5, 2026, at San José, California.

Dated: November 5, 2026

George Verdugo
Plaintiff, Pro Se

# EXHIBIT A

GEORGE VERDUGO
2984 Almond Drive
San Jose, CA 95148
Telephone: (408) 401-5636
Email: georgeverdugo@gmail.com
Plaintiff, Pro Se

ORIGINAL FILED

NOV 03 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GEORGE VERDUGO,<br>Plaintiff,<br>v.<br>CITY OF SAN JOSE; OFFICER ROCHA (#5077); OFFICER LEGLU; and DOES 1-10,<br>Defendants. | Case No. 5:25-cv-08776-SVK<br>**PLAINTIFF'S SEPARATE CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br>Date: November 10, 2026<br>Time: 9:30 a.m.<br>Place: Zoom webinar<br>Judge: Hon. Susan van Keulen |

Pursuant to Civil L.R. 16-9(a), the Standing Order for All Judges of the Northern District of California, and the Court's October 13, 2026 Clerk's Notice (Dkt. 44), which continued the Initial Case Management Conference to November 10, 2026, and directed that the "[p]arties are to rigorously meet and confer and, in the joint statement, propose a realistic, joint schedule or if unable to agree, competing schedules," Plaintiff George Verdugo, appearing pro se, submits this separate Case Management Statement. The Parties held their Rule 26(f) conference on October 8, 2026. Despite reasonable efforts, Plaintiff was unable to obtain Defendants' participation in preparing a joint statement; the accompanying Declaration of George Verdugo describes those efforts. Civil

GEORGE VERDUGO
2984 Almond Drive
San Jose, CA 95148
Telephone: (408) 401-5636
Email: georgeverdugo@gmail.com
Plaintiff, Pro Se

ORIGINAL FILED

NOV 03 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

GEORGE VERDUGO,

Plaintiff,

v.

CITY OF SAN JOSE; OFFICER ROCHA (#5077); OFFICER LEGLU; and DOES 1-10,

Defendants.

Case No. 5:25-cv-08776-SVK

**PLAINTIFF'S SEPARATE CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

Date: November 10, 2026
Time: 9:30 a.m.
Place: Zoom webinar
Judge: Hon. Susan van Keulen

Pursuant to Civil L.R. 16-9(a), the Standing Order for All Judges of the Northern District of California, and the Court's October 13, 2026 Clerk's Notice (Dkt. 44), which continued the Initial Case Management Conference to November 10, 2026, and directed that the "[p]arties are to rigorously meet and confer and, in the joint statement, propose a realistic, joint schedule or if unable to agree, competing schedules," Plaintiff George Verdugo, appearing pro se, submits this separate Case Management Statement. The Parties held their Rule 26(f) conference on October 8, 2026. Despite reasonable efforts, Plaintiff was unable to obtain Defendants' participation in preparing a joint statement; the accompanying Declaration of George Verdugo describes those efforts. Civil

L.R. 16-9(a). Plaintiff remains willing to meet and confer and to address Defendants' positions at the Case Management Conference.

**1. JURISDICTION AND SERVICE**

This action arises under 42 U.S.C. § 1983 and the Fourth Amendment. The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Santa Clara County, within this District. No issues of personal jurisdiction or venue are known. The City of San Jose, Officer Rocha, and Officer Leglu have been served and have answered the Second Amended Complaint (Dkt. 38). Does 1–10 have not yet been identified or served; see Section 5.

**2. FACTS**

On October 15, 2023, SJPD Officers Rocha and Leglu entered Plaintiff's residence and arrested him without a warrant. The officers entered based on purported consent from a co-tenant. Plaintiff was inside his bedroom when the officers entered; as soon as he became aware of their presence inside the home, he came out of his bedroom and expressly objected to their entry. A supervising officer ("Doe Supervisor 1") responded to the scene and ratified the officers' conduct, telling Plaintiff to "Take it up with Internal Affairs." The District Attorney declined to file charges.

Defendants' initial production (SJ0001–SJ0979) identifies additional SJPD personnel connected to the incident, including Officer Alvarez (#4869), Officer Jaycox (#4880), and Sergeant McClure (#3979), and records Sergeant McClure on scene with body-worn camera activated. Plaintiff disputes Defendants' statement that Plaintiff "was naked from the waist down and had to put on pants to exit his room" (Dkt. 39 at 2:13–15); no officer observation to that effect appears in Defendants' incident report or CAD records. Principal factual disputes include where and how consent was obtained, the scope of that consent, the sequence and timing of Plaintiff's objection relative to entry, which officers entered and arrested Plaintiff, and the role of the responding supervisor. Plaintiff expects body-worn camera, CAD, radio, and 911 evidence to resolve much of this sequence.

## 3. LEGAL ISSUES

The principal disputed legal issues include: (a) whether the warrantless entry and in-home arrest violated the Fourth Amendment where Plaintiff, who was physically present, expressly objected, see Payton v. New York, 445 U.S. 573 (1980); Georgia v. Randolph, 547 U.S. 103 (2006); (b) whether Doe Supervisor 1 is liable for ratifying the entry and arrest; (c) whether any Defendant failed to intervene; (d) whether the City is liable under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), on a ratification theory; and (e) whether the individual Defendants are entitled to qualified immunity.

## 4. MOTIONS

Prior motions: Defendants' motions to dismiss the Complaint and the First Amended Complaint were resolved by the Court's orders of March 23, 2026 (Dkt. 27) and July 22, 2026 (Dkt. 35). No motion is pending. Anticipated: Plaintiff anticipates a motion to amend to substitute named defendants for Doe Defendants (Section 5); a motion to compel if the body-worn camera and related recordings are not produced or accounted for (Section 8); and summary judgment motion practice after discovery.

## 5. AMENDMENT OF PLEADINGS

Plaintiff anticipates amending to substitute named defendants for Doe Supervisor 1 and Doe Officers once their identities and roles are confirmed in discovery. Plaintiff proposes a deadline of March 1, 2027 to seek leave to amend for that purpose.

## 6. EVIDENCE PRESERVATION

Plaintiff has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and the Parties addressed preservation at the October 8, 2026 Rule 26(f) conference. Defendants have stated that they "have preserved all evidence related to issues in this lawsuit that was in their possession at the time of filing" (Dkt. 39 at 3:4–5). Plaintiff requests confirmation that this includes body-worn camera recordings of every officer and supervisor who responded on October 15, 2023, together with their Evidence.com (or equivalent) audit logs, the 911 audio, radio traffic, and complete CAD records, and identification of any such record that no longer exists.

Plaintiff requested written confirmation of these items after the October 8, 2026 conference and again on October 20, 2026. As of the date of this statement, Defendants have not provided it.

**7. DISCLOSURES**

The Parties exchanged Rule 26(a)(1) initial disclosures on October 22, 2026, as stipulated (Dkt. 43 ¶ 4). Plaintiff served his disclosures by hand delivery to the City Attorney's Office. Defendants served their disclosures with a document production Bates-numbered SJ0001–SJ0979, consisting of the incident report, CAD records, a 21-second audio file, and the SJPD Duty Manual. Plaintiff will supplement his disclosures under Rule 26(e).

**8. DISCOVERY**

Defendants' production did not include body-worn camera footage, although Defendants' own CAD records reflect body-worn camera activation. On October 22, 2026, Plaintiff sent Defendants a meet-and-confer letter regarding the body-worn camera footage, the applicable retention schedule, the 911 audio, radio traffic, and cross-referenced CAD events, and requested a written response by October 29, 2026. Plaintiff sent a reminder on October 29, 2026. As of the date of this statement, Plaintiff has not received a response. On October 30, 2026, Plaintiff served his First Set of Requests for Production of Documents (Body-Worn Camera and Audio Recordings) by personal delivery; Defendants' responses are due November 30, 2026. Plaintiff respectfully requests that the Court direct Defendants to state in writing, within 14 days of the Case Management Conference, whether body-worn camera recordings of the October 15, 2023 incident exist for each responding officer, and, for any recording that does not exist, when, by whom, and under what retention policy it was deleted.

Plaintiff anticipates seeking: body-worn camera, CAD/dispatch, radio, and 911 recordings in native format, with metadata and audit logs; documents and interrogatories concerning the identity and role of each responding officer and supervisor and the factual basis for Defendants' account of the incident; depositions of Officer Rocha, Officer Leglu, Officer Alvarez, Sergeant McClure, and Officer Jaycox; and a Rule 30(b)(6) deposition of the City on its consent-based home-entry practices and supervisory review. Plaintiff does not propose changes to the limits on discovery set

by the Federal Rules and proposes no phasing. Plaintiff is willing to discuss a stipulated protective order.

**9. CLASS ACTIONS**

Not applicable.

**10. RELATED CASES**

Plaintiff is aware of no related case within the meaning of Civil L.R. 3-12.

**11. RELIEF**

Plaintiff seeks compensatory damages according to proof; punitive damages against the individual Defendants according to proof; costs of suit; pre-judgment and post-judgment interest as allowed by law; reasonable attorneys' fees and costs under 42 U.S.C. § 1988 in the event Plaintiff is represented by counsel; and such other relief as the Court deems just and proper (Dkt. 37, Prayer for Relief).

**12. SETTLEMENT AND ADR**

Plaintiff is open to court-connected mediation or Early Neutral Evaluation through the Court's ADR program, and believes ADR would be most productive after the body-worn camera, CAD, radio, and 911 evidence is produced.

**13. OTHER REFERENCES**

Plaintiff does not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. NARROWING OF ISSUES**

The Court's July 22, 2026 Order (Dkt. 35) narrowed the case to the October 15, 2023 entry and arrest, the related supervisory and failure-to-intervene claims, and the Monell ratification claim. Plaintiff will consider stipulations to narrow issues as discovery proceeds.

**15. EXPEDITED TRIAL PROCEDURE**

Plaintiff does not believe this case is suitable for the Expedited Trial Procedure of General Order No. 64.

**16. SCHEDULING**

Plaintiff proposes the following schedule:

| Event | Plaintiff's Proposal |
|---|---|
| Deadline to seek leave to amend to substitute Doe Defendants | March 1, 2027 |
| Fact discovery cutoff | September 24, 2027 |
| Opening expert disclosures | October 15, 2027 |
| Rebuttal expert disclosures | November 12, 2027 |
| Expert discovery cutoff | December 10, 2027 |
| Last day to hear dispositive motions | February 8, 2028 |
| Pretrial conference | April 2028 |
| Trial | May 2028 |

Plaintiff's proposed dates allow time for two things. First, any named defendants substituted for Doe Defendants by the March 1, 2027 deadline (Section 5) must be served and must answer before they can be deposed. Second, Defendants have not yet produced the body-worn camera recordings that their own CAD records reflect (Section 8), and those recordings bear on the identity and role of each officer who responded on October 15, 2023.

Plaintiff asks that no motion for summary judgment be heard before the close of fact discovery. The sequence and timing of Plaintiff's objection relative to the officers' entry is a central disputed fact (Section 2), and the body-worn camera recordings, 911 audio, and radio traffic are the contemporaneous record of it.

**17. TRIAL**

Plaintiff has demanded a jury trial (Dkt. 37). Plaintiff estimates a trial of five to seven court days.

**18. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff certifies under Civil L.R. 3-15 that, other than the named parties, there is no such interest to report.

**19. PROFESSIONAL CONDUCT**

Plaintiff, appearing pro se, has reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20. OTHER**

None at this time.

Dated: November _3_, 2026

George Verdugo
Plaintiff, Pro Se

# CASE MANAGEMENT ORDER

The above Case Management Statement and [Proposed] Order is approved as the Case Management Order for this case, and all parties shall comply with its provisions. In addition, the Court makes the further orders stated below:

______________________________________________________________

IT IS SO ORDERED.

Dated: ______________________ ______________________________

Hon. Susan van Keulen
United States Magistrate Judge

**PROOF OF SERVICE**

I, George Verdugo, declare: I am the Plaintiff in this action. My address is 2984 Almond Drive, San Jose, CA 95148.

On November 3, 2026, I served the following documents: PLAINTIFF'S SEPARATE CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER; and DECLARATION OF GEORGE VERDUGO PURSUANT TO CIVIL L.R. 16-9(a), on the person below:

Brian Loftus, Chief Deputy City Attorney
Office of the City Attorney, City of San Jose
200 East Santa Clara Street, 16th Floor
San Jose, CA 95113

☐ By personal delivery, by leaving it at the attorney's office with a clerk or other person in charge (Fed. R. Civ. P. 5(b)(2)(B)(i)).

☐ By mail, by placing a true copy in a sealed envelope, with first-class postage fully prepaid, and depositing it in the United States mail at San Jose, California (Fed. R. Civ. P. 5(b)(2)(C)).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 3, 2026, at San Jose, California.

George Verdugo
Plaintiff, Pro Se

ORIGINAL FILED

NOV 03 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

# EXHIBIT B

GEORGE VERDUGO
2984 Almond Drive
San Jose, CA 95148
Telephone: (408) 401-5636
Email: georgeverdugo@gmail.com
Plaintiff, Pro Se

ORIGINAL FILED
NOV 03 2026
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GEORGE VERDUGO,

Plaintiff,

v.

CITY OF SAN JOSE; OFFICER ROCHA (#5077); OFFICER LEGLU; and DOES 1-10,

Defendants.

Case No. 5:25-cv-08776-SVK

**DECLARATION OF GEORGE VERDUGO PURSUANT TO CIVIL L.R. 16-9(a) IN SUPPORT OF PLAINTIFF'S SEPARATE CASE MANAGEMENT STATEMENT**

Date: November 10, 2026
Time: 9:30 a.m.
Place: Zoom webinar
Judge: Hon. Susan van Keulen

I, George Verdugo, declare:

1. I am the Plaintiff in this action, appearing pro se. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them. I submit this declaration under Civil L.R. 16-9(a) to describe my efforts to prepare a joint case management statement with Defendants' counsel.

2. Before the original conference, I tried to hold the Rule 26(f) conference with Mr. Loftus in advance of the October 6, 2026 deadline for case management statements. On September 21, 2026, I emailed him proposing September 23, 25, or 28, 2026. A true and correct copy of my email

GEORGE VERDUGO
2984 Almond Drive
San Jose, CA 95148
Telephone: (408) 401-5636
Email: georgeverdugo@gmail.com
Plaintiff, Pro Se

ORIGINAL FILED

NOV 03 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

GEORGE VERDUGO,

Plaintiff,

v.

CITY OF SAN JOSE; OFFICER ROCHA (#5077); OFFICER LEGLU; and DOES 1-10,

Defendants.

Case No. 5:25-cv-08776-SVK

**DECLARATION OF GEORGE VERDUGO PURSUANT TO CIVIL L.R. 16-9(a) IN SUPPORT OF PLAINTIFF'S SEPARATE CASE MANAGEMENT STATEMENT**

Date: November 10, 2026
Time: 9:30 a.m.
Place: Zoom webinar
Judge: Hon. Susan van Keulen

I, George Verdugo, declare:

1. I am the Plaintiff in this action, appearing pro se. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them. I submit this declaration under Civil L.R. 16-9(a) to describe my efforts to prepare a joint case management statement with Defendants' counsel.

2. Before the original conference, I tried to hold the Rule 26(f) conference with Mr. Loftus in advance of the October 6, 2026 deadline for case management statements. On September 21, 2026, I emailed him proposing September 23, 25, or 28, 2026. A true and correct copy of my email

is attached as Exhibit A. On September 23, 2026, he responded that he was in a jury trial, had no availability until the week of October 5, 2026, and was available from 1:00 p.m. on October 5. A true and correct copy is attached as Exhibit B. On September 24, 2026, I confirmed October 5 at 1:00 p.m. A true and correct copy of my email is attached as Exhibit C.

3. On October 5, 2026, at 12:57 p.m., three minutes before the scheduled conference, his office emailed that his meeting was running over and that he would call around 1:30 p.m. A true and correct copy is attached as Exhibit D. At 1:21 p.m., I replied that I could not do 1:30 p.m. because of a prior appointment and offered to reschedule for the next day. A true and correct copy of my email is attached as Exhibit E. Mr. Loftus called at 1:43 p.m. and left a voicemail.

4. On October 6, 2026, at 11:40 a.m., he emailed that he would file Defendants' statement that day and that, "[p]ursuant to the local rules, there is no requirement for us to meet and confer or file a joint Case Management Statement." A true and correct copy is attached as Exhibit F. Defendants filed their separate statement that day (Dkt. 39), and no joint statement was prepared. I described these events in my October 9, 2026 response to the Court's October 7, 2026 order. (Dkt. 42 at 2:5–18.)

5. The Court's October 13, 2026 Clerk's Notice (Dkt. 44) continued the Initial Case Management Conference to November 10, 2026, set the Joint Case Management Statement for filing by November 3, 2026, and directed that the "[p]arties are to rigorously meet and confer and, in the joint statement, propose a realistic, joint schedule or if unable to agree, competing schedules."

6. On October 20, 2026, at 2:38 a.m., I emailed Defendants' counsel, Brian Loftus, Chief Deputy City Attorney. I proposed that I send him a draft joint statement by October 28, 2026; that we meet and confer by telephone or Zoom on October 29, October 30, or November 2, 2026; and that we finalize and file the joint statement by November 3, 2026. I asked him to tell me which date and time worked for him. In the same email, I asked him to confirm his office address for service, and I noted that I had not yet received the written preservation confirmations I requested by email after our October 8, 2026 Rule 26(f) conference. A true and correct copy of my October 20, 2026 email is attached as Exhibit G.

7. At 11:02 a.m. the same day, Meagan Spencer, a Litigation Legal Analyst in the City Attorney's Office, responded to my email and confirmed the office address. Her email did not address the proposed meet-and-confer dates or the preservation confirmations. A true and correct copy is attached as Exhibit H.

8. On October 22, 2026, at 2:33 p.m., Ms. Spencer served Defendants' initial disclosures on me by email. That email did not address the proposed meet-and-confer dates. A true and correct copy is attached as Exhibit I.

9. On October 22, 2026, at 7:42 p.m., I emailed Mr. Loftus a letter regarding Defendants' initial disclosures and the body-worn camera footage of the October 15, 2023 incident, and requested his written response by October 29, 2026. A true and correct copy of my email and letter is attached as Exhibit J.

10. On October 29, 2026, at 2:47 p.m., I emailed Mr. Loftus my draft Joint Case Management Statement, with Plaintiff's sections completed and placeholders for Defendants' positions. I told him I had not received his choice among the meet-and-confer dates I proposed on October 20. I asked him to return Defendants' sections by Monday, November 2, 2026, at 10:00 a.m., and proposed that we meet and confer by telephone that afternoon at 1:00 p.m. A true and correct copy of my email is attached as Exhibit K.

11. On October 29, 2026, at 2:51 p.m., I emailed Mr. Loftus that I had not received the written response requested in my October 22, 2026 letter, and asked him to provide it before our meet and confer. A true and correct copy is attached as Exhibit L.

12. On October 30, 2026, at 1:12 a.m., I emailed Mr. Loftus a revision to Plaintiff's proposed schedule in Section 16 of the draft, and asked him to enter Defendants' proposed dates so that we could discuss both schedules when we met and conferred on November 2. A true and correct copy is attached as Exhibit M.

13. As of 1:16 p.m. on November 2, 2026, I had not received from Mr. Loftus or anyone in his office a choice of meet-and-confer date, Defendants' sections of the draft joint statement, or a written response to my October 22, 2026 letter. Nothing arrived by the 10:00 a.m. deadline I had requested, and Mr. Loftus did not call at 1:00 p.m., the time I had proposed for our meet and confer.

14. Because I was unable, despite these efforts, to obtain Defendants' participation in preparing a joint statement in time to file it by November 3, 2026, I am filing a separate Case Management Statement. I remain willing to meet and confer and to address Defendants' positions at the November 10, 2026 Case Management Conference.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 3, 2026, at San Jose, California.

George Verdugo
Plaintiff, Pro Se

## INDEX OF EXHIBITS

Exhibit A Email from George Verdugo to Brian Loftus, September 21, 2026, 12:40 a. m.

Exhibit B Email from Brian Loftus to George Verdugo, September 23, 2026, 9:01 a.m.

Exhibit C Email from George Verdugo to Brian Loftus, September 24, 2026, 12:46 p.m.

Exhibit D Email from George Touba, Office of the City Attorney, to George Verdugo, October 5, 2026, 12:57 p.m.

Exhibit E Email from George Verdugo to Brian Loftus, October 5, 2026, 1:21 p.m.

Exhibit F Email from Brian Loftus to George Verdugo, October 6, 2026, 11:40 a.m.

Exhibit G Email from George Verdugo to Brian Loftus, October 20, 2026, 2:38 a.m.

Exhibit H Email from Meagan Spencer to George Verdugo, October 20, 2026, 11:02 a.m.

Exhibit I Email from Meagan Spencer to George Verdugo, October 22, 2026, 2:33 p.m. (without attachments)

Exhibit J Email and letter from George Verdugo to Brian Loftus, October 22, 2026, 7:42 p.m.

Exhibit K Email from George Verdugo to Brian Loftus, October 29, 2026, 2:47 p.m. (without the attached draft)

Exhibit L Email from George Verdugo to Brian Loftus, October 29, 2026, 2:51 p.m.

Exhibit M Email from George Verdugo to Brian Loftus, October 30, 2026, 1:12 a.m.

# EXHIBIT A

**George Verdugo** <georgeverdugo@gmail.com> Sep 21, 2026, 2:29 AM
to cao.main, me

Dear Mr. Loftus:

The Initial Case Management Conference is set for October 13, 2026, with the Case Management Statement due October 6, 2026. Now that the Second Amended Complaint (Dkt. 37) is filed and the City has answered (Dkt. 38), the matter is at issue, and I write to arrange our Rule 26(f) conference and to begin conferring on case-management matters.

I propose we hold the Rule 26(f) conference by telephone or videoconference at the earliest date that works for you, so that we confer in time to prepare the Case Management Statement before its October 6, 2026 deadline.

I am available Wednesday, September 23, Friday, September 25, and Monday, September 28, 2026; please let me know which works, or propose another prompt time. I suggest we cover:

1. Initial disclosures under Rule 26(a)(1) — I propose an exchange within 14 days after the conference.

2. A discovery plan focused on the October 2023 entry — written discovery (including an interrogatory to identify the supervising officer who responded on October 15, 2023); production of body-worn-camera, CAD, dispatch, and 911 recordings in native form with metadata; and targeted depositions, including a Rule 30(b)(6) deposition of the City on consent-based home-entry policy and practice.

3. Preservation and ESI, consistent with the Northern District's ESI Guidelines.

4. Early, prioritized production of the body-worn-camera, CAD, dispatch, and 911 recordings for the October 2023 incident — I will separately propose a short stipulation to that effect, and am glad to do so under a stipulated protective order (District model) with a Rule 502(d) clawback provision.

5. ADR selection — I am open to a Magistrate Judge settlement conference or court-connected mediation.

6. A joint Case Management Conference Statement, which is due one week before the conference (by approximately October 6, 2026). I would prefer to file jointly; if we cannot agree, I will file separately under Civil Local Rule 16-9(a)
.

Please let me know dates that work for the Rule 26(f) conference, and whether you are willing to stipulate to the early production described above. I am available at your convenience and want to reach as much agreement as possible before the CMC.

Thank you,
George Verdugo
Plaintiff, Pro Se
(408) 401-5636 | georgeverdugo@gmail.com



A

# EXHIBIT B

**Loftus, Brian** <Brian.Loftus@sanjoseca.gov> Wed, Sep 23, 9:01 AM
to George, Gabriela, me, CAO

Mr. Verdugo,

Thank you for your email. I am currently in a jury trial and do not have availability to meet until the week of October 5th. I have availability from 1:00 pm on that day to meet and confer. Please let me know what time you would like to meet and please include the CAO main, George Touba and Gabriela Cabanayan on any correspondence going forward.

Thank you

Brian Loftus

Brian Loftus
Chief Deputy City Attorney
Office of the City Attorney

200 E. Santa Clara St., 15th Floor | San Jose, CA | 95113-1905
Direct Line: 408.535.1907 | Fax: 408.998.3131

NOTICE TO RECIPIENT: This communication is intended for the person to whom it is addressed and may be protected by law. If you receive this in error, any review, use, dissemination, distribution, or copying is strictly prohibited. Please notify us of the error immediately and delete this communication and any attached documents from your system. Thank you for your cooperation.

# EXHIBIT C

George Verdugo <georgeverdugo@gmail.com> Sep 24, 2026, 12:46 PM
to Brian, CAO, George, Gabriela

Subject: RE: Meet and Confer — Rule 26(f) Conference and Case Management — Verdugo v. City of San José, No. 5:25-cv-08776-SVK

Mr. Loftus,

Thank you for the update. October 5th at 1:00 pm works for me. I will be waiting for your call at that time.

Best regards,

George Verdugo
408 401 5636

# EXHIBIT D

**Touba, George** Oct 6, 2026, 12:57 PM
to Gabriela, Brian, me

Dear Mr. Verdugo,

Mr. Brian's meeting is running over. He will call you as soon as he is out of the meeting, likely around 1:30 p.m.

Thank you for understanding.

Thank you,

George Touba | Legal Administrative Assistant II
Office of the City Attorney
200 E. Santa Clara St., 16th Floor, San Jose, CA 95113
Main: 408.535.1900, Direct: 408.535.8505

NOTICE TO RECIPIENT: This communication is intended only for the person or entity to whom it is addressed, and may contain confidential or privileged and/or attorney/client privileged material. If you have received this email in error, any review, use, dissemination, distribution, or copying is strictly prohibited. Please notify us immediately of the error and delete this communication and any attached documents from your system. Thank you for your cooperation. *Please consider the environment before printing this e-mail.*



D

# EXHIBIT E

**George Verdugo** <georgeverdugo@gmail.com>
to George, Gabriela, Brian

Oct 5, 2026, 1:21 PM

I cannot do 1:30 pm. I have a prior appointment for that time. I can reschedule for tomorrow.



6

# EXHIBIT F

**Loftus, Brian** Tue, Oct 6, 11:40 AM
to me, George, Gabriela

Mr. Verdugo,

Thank you for the email. I again apologize for not being able to meet and confer yesterday. As I stated in my voicemail, I intend to file my CMC statement today and you are free to file yours. Pursuant to the local rules, there is no requirement for us to meet and confer or file a joint Case Management Statement.
https://cand.uscourts.gov/sites/default/files/local-rules/CAND_Civil_Local_Rules_10_26.pdf
See Rule 16-9(a) which states "if one or more of the parties is not represented by counsel, the parties may file separate case management statements."

If you wish to ask the court to continue the matter, you can certainly do that. However, I am not permitted to provide legal advice concerning the mechanism to do so.

Given the Court's order on the Motion to Dismiss the First Amended Complaint, the Defendants' position is that the facts show the 4th Amendment claim lacks merit. Therefore, we also believe that the ratification and Monell claims are derivative and equally lacking in merit. We request that you consider dismissing the case. We intend to a Motion for Summary Judgment and will pursue costs.

Brian Loftus
Chief Deputy City Attorney
Office of the City Attorney

200 E. Santa Clara St., 16th Floor | San Jose, CA | 95113-1905
Direct Line: 408.535.1907 | Fax: 408.998.3131

NOTICE TO RECIPIENT: This communication is intended for the person to whom it is addressed and may be protected by law. If you receive this in error, any review, use, dissemination, distribution, or copying is strictly prohibited. Please notify us of the error immediately and delete this communication and any attached documents from your system. Thank you for your cooperation.

# EXHIBIT G

**George Verdugo** <georgeverdugo@gmail.com> Tue, Oct 20, 2:38 AM
to Brian, George, Meagan, Gabriela

Subject: Verdugo v. City of San José, No. 5:25-cv-08776-SVK – Meet and Confer on Joint CMC Statement

Mr. Loftus,

The Court's October 13, 2026 Clerk's Notice (Dkt. 44) continued the Initial Case Management Conference to November 10, 2026, set the Joint Case Management Statement for filing by November 3, 2026, and directed the parties to rigorously meet and confer and propose a realistic joint schedule, or competing schedules if we cannot agree.

I propose the following:

1. By October 28, 2026, I will send you a draft Joint Case Management Statement with my sections completed and a proposed schedule, for you to add Defendants' positions.

2. We meet and confer by telephone or Zoom on one of these dates: Thursday, October 29; Friday, October 30; or Monday, November 2, 2026. Please let me know which date and time work for you.

3. We finalize and file the joint statement by November 3, 2026.

Separately, as stated in the parties' stipulation (Dkt. 43 ¶ 4), the parties agreed to exchange initial disclosures by October 22, 2026. I will serve mine by hand delivery to your office on October 22, 2026, and will also email you a courtesy copy that day. Please confirm your office address for service; the docket lists the 16th Floor and your signature block lists the 15th Floor.

I also have not yet received the written preservation confirmations requested in my October 8, 2026 email (Preservation, item 4). Please provide them before our meet and confer.

Please confirm, or propose alternative dates.

George Verdugo
Plaintiff, Pro Se
2984 Almond Drive
San Jose, CA 95148
(408) 401-5636
georgeverdugo@gmail.com

# EXHIBIT H

**Spencer, Meagan** Oct 20, 2026, 11:02 AM
to me, Brian, George, Gabriela

Mr. Verdugo,

I can confirm the correct address for our office is as follows:

City of San Jose
Office of the City Attorney
200 East Santa Clara Street, 16th Floor Tower
San Jose, CA 95113

Best Regards,

**Meagan Spencer**
Litigation Legal Analyst
City of San José
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San Jose, California 95113-1905

Main: (408) 535-1900 | Direct: (408) 535-1967
Meagan.Spencer@sanjoseca.gov

NOTICE TO RECIPIENT: This e-mail is meant only for the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

# EXHIBIT I

**Spencer, Meagan** Thu, Oct 22, 2:33 PM (12 days ago)
to me, Brian, George

Mr. Verdugo,

Attached are Defendants' Initial Disclosures in the above referenced matter. Documents Bates numbered SJ0001-979 can be downloaded from the below link. A copy has also been sent via U.S. Mail.

2026-1022 Initial Disclosures Production

Please be advised that the production link will expire in 2 weeks and is restricted to the above recipients.

Thank you

Best Regards,

Meagan Spencer
Litigation Legal Analyst
City of San José
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San Jose, California 95113-1905

Main: (408) 535-1900 | Direct: (408) 535-1967
Meagan.Spencer@sanjoseca.gov

NOTICE TO RECIPIENT: This e-mail is meant only for the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

# EXHIBIT J

**George Verdugo** <georgeverdugo@gmail.com> Thu, Oct 22, 7:42 PM (12 days ago)
to Brian, Meagan, George, Gabriela, me, CAO

Mr. Loftus,

Attached is my letter regarding Defendants' Initial Disclosures and the production Bates-numbered SJ0001–0979.

Defendants' own documents show that body-worn cameras recorded this incident, but Defendants' disclosures do not identify or produce any body-worn camera video, the 911 call, or radio traffic. The letter asks, for each officer listed in Defendants' records, whether the video exists today and, if not, when it was deleted, by whom, and under what retention schedule.

Please respond in writing by October 29, 2026, so that we can address these items when we meet and confer on the Joint Case Management Statement.

George Verdugo
Plaintiff, Pro Se
2984 Almond Drive
San Jose, CA 95148
(408) 401-5036
georgeverdugo@gmail.com

# EXHIBIT K

**George Verdugo** <georgeverdugo@gmail.com> Thu, Oct 29, 2:47 PM (5 days ago)
to CAO, Meagan, Brian, George, Gabriela

Subject: RE: Verdugo v. City of San José, No. 5:25-cv-08776-SVK – Meet and Confer on Joint CMC Statement

Mr. Loftus,

Attached is Plaintiff's draft Joint Case Management Statement, due November 3, 2026 (Dkt. 44). Plaintiff's sections are complete. The bracketed placeholders are for Defendants' positions, your counsel block, Defendants' Civil L.R. 3-15 certification, and your signature block.

Please use Track Changes, and add Defendants' material only in the "Defendants' Statement" sections and the other bracketed placeholders. If you would like any change to Plaintiff's sections, please raise it as a comment rather than an edit, so we can discuss it.

I have not received your choice among the meet-and-confer dates I proposed on October 20. Please return your sections by Monday, November 2, 2026, at 10:00 a.m. I propose we meet and confer by telephone that afternoon, Monday, November 2, at 1:00 p.m. Please confirm or propose another time that day.

Because I am not a registered e-filer, I understand you will file the statement. Please send me the final version for my written approval before filing, consistent with Civil L.R. 5-1(i)(3).

George Verdugo
Plaintiff, Pro Se
2984 Almond Drive
San Jose, CA 95148
(408) 401-5636
georgeverdugo@gmail.com



K

# EXHIBIT L

**George Verdugo** <georgeverdugo@gmail.com> Thu, Oct 29, 2:51 PM (5 days ago)
to Brian, Meagan, George, Gabriela, me, CAO

Mr. Loftus,

My October 22, 2026 letter requested your written response by today, October 29, 2026, regarding the body-worn camera footage, the applicable retention schedule, the 911 audio, radio traffic, "Message 1," and the cross-referenced CAD events. I have not received it.

Please provide your written response before our meet and confer on the Joint Case Management Statement.

George Verdugo
Plaintiff, Pro Se
2984 Almond Drive
San Jose, CA 95148
(408) 401-5636
georgeverdugo@gmail.com

# EXHIBIT M

**George Verdugo** <georgeverdugo@gmail.com> Oct 30, 2026, 1:12 AM (4 days ago)
to Meagan, CAO, Brian, George, Gabriela

RE: Verdugo v. City of San José, No. 5:25-cv-08776-SVK – Meet and Confer on Joint CMC Statement

Mr. Loftus,

Following up on the draft Joint Case Management Statement I sent earlier today: I have revised Plaintiff's proposed dates in Section 16 (Scheduling) and added one paragraph explaining them. No other section has changed. Please continue working from the draft I sent; I will carry this revision into the final version.

Revised Plaintiff's Proposal:

- Deadline to seek leave to amend to substitute Doe Defendants: March 1, 2027 (unchanged)
- Fact discovery cutoff: September 24, 2027
- Opening expert disclosures: October 15, 2027
- Rebuttal expert disclosures: November 12, 2027
- Expert discovery cutoff: December 10, 2027
- Last day to hear dispositive motions: February 8, 2028
- Pretrial conference: April 2028
- Trial: May 2028

New paragraph following the schedule table:

"Plaintiff's proposed dates allow time for two things. First, any named defendants substituted for Doe Defendants by the March 1, 2027 deadline (Section 5) must be served and must answer before they can be deposed. Second, Defendants have not yet produced the body-worn camera recordings that their own CAD records reflect (Section 8), and those recordings bear on the identity and role of each officer who responded on October 16, 2023."

Please enter Defendants' proposed dates in the "Defendants' Proposal" column so we can discuss both schedules when we meet and confer on Monday, November 2.

Separately, I will serve Plaintiff's First Set of Requests for Production of Documents (Body-Worn Camera and Audio Recordings) on your office by personal delivery. I would also like to confirm at our meet and confer whether body-worn camera recordings from October 16, 2023 exist for each responding officer, including Sergeant McClure.

George Verdugo
Plaintiff, Pro Se
2984 Almond Drive
San Jose, CA 95148
(408) 401-5636
georgeverdugo@gmail.com

**PROOF OF SERVICE**

I, George Verdugo, declare: I am the Plaintiff in this action. My address is 2984 Almond Drive, San Jose, CA 95148.

On November 5, 2026, I served the following document: PLAINTIFF'S NOTICE OF FILING OF SEPARATE CASE MANAGEMENT STATEMENT AND SUPPORTING DECLARATION IN RESPONSE TO ORDER (DKT. 46), with Exhibits A and B, on the person below:

Brian Loftus, Chief Deputy City Attorney
Office of the City Attorney, City of San Jose
200 East Santa Clara Street, 16th Floor
San Jose, CA 95113

☒ By personal delivery, by leaving it at the attorney's office with a clerk or other person in charge (Fed. R. Civ. P. 5(b)(2)(B)(i)).

☐ By mail, by placing a true copy in a sealed envelope, with first-class postage fully prepaid, and depositing it in the United States mail at San Jose, California (Fed. R. Civ. P. 5(b)(2)(C)).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 5, 2026, at San Jose, California.

George Verdugo
Plaintiff, Pro Se