GEORGE VERDUGO
2984 Almond Drive
San Jose, CA 95148
Telephone: (408) 401-5636
Email: georgeverdugo@gmail.com
Plaintiff, Pro Se

FILED CH

NOV 05 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| GEORGE VERDUGO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE; OFFICER ROCHA (#5077); OFFICER LEGLU; and DOES 1-10,<br><br>Defendants. | Case No. 5:25-cv-08776-SVK<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' CASE MANAGEMENT STATEMENT (DKT. 45)**<br><br>Date: November 10, 2026<br>Time: 9:30 a.m.<br>Place: Zoom webinar<br>Judge: Hon. Susan van Keulen |

Plaintiff George Verdugo, appearing pro se, submits this response to Defendants' Initial Case Management Statement filed November 4, 2026 (Dkt. 45). Its purpose is to correct the record on initial disclosures and discovery, and to respond to Defendants' proposed schedule, before the Initial Case Management Conference on November 10, 2026.

**1. JOINT STATEMENT**

Plaintiff filed his Separate Case Management Statement and [Proposed] Order, with a supporting Declaration under Civil L.R. 16-9(a), in person at the Clerk's Office on November 3, 2026, the deadline set by the Court's October 13, 2026 Clerk's Notice (Dkt. 44). (See Plaintiff's

Notice of Filing, filed concurrently.) At 4:19 p.m. on November 3, 2026, after Plaintiff had filed, defense counsel emailed Plaintiff a proposed joint statement and asked for permission to add Plaintiff's signature. Defendants filed their separate statement the next day, November 4, 2026 (Dkt. 45).

**2. INITIAL DISCLOSURES (DKT. 45, SECTION VII)**

Section VII of Defendants' statement says that Defendants "are preparing initial Rule 26(a) disclosures" and that "[t]he Defense has not received initial disclosures from the Plaintiff." That is not accurate as of November 4, 2026. The parties exchanged initial disclosures on October 22, 2026, as stipulated (Dkt. 43 ¶ 4). Plaintiff served his disclosures by personal delivery at the City Attorney's Office, which stamped them received on October 22, 2026. (Exhibit A.) Defendants served their own disclosures and their initial document production (SJ0001–SJ0979) the same day. Section VII of Defendants' November 4, 2026 statement repeats, word for word, Section VII of their October 6, 2026 statement (Dkt. 39). Defendants' own proposed joint statement, which defense counsel emailed to Plaintiff at 4:19 p.m. on November 3, 2026, states in Section 7 that "[t]he Parties exchanged Rule 26(a)(1) initial disclosures on October 22, 2026." (Exhibit B.)

**3. DISCOVERY STATUS (DKT. 45, SECTION VIII)**

Section VIII of Defendants' statement says only that "[d]iscovery dates have not been set yet." Discovery is underway. The parties held their Rule 26(f) conference on October 8, 2026, and exchanged initial disclosures on October 22, 2026. On October 30, 2026, Plaintiff served his First Set of Requests for Production on Defendants by personal delivery, seeking body-worn camera recordings and audio recordings of the October 15, 2023 incident. Defendants' responses are due November 30, 2026. Defendants' October 22, 2026 production did not include any body-worn camera footage.

**4. DEFENDANTS' PROPOSED AMENDMENT DEADLINE OF DECEMBER 8, 2026**

Defendants' November 4, 2026 statement proposes December 8, 2026 as the deadline to seek leave to amend. Their October 6, 2026 statement (Dkt. 39) proposed no such deadline. Plaintiff must amend to substitute named defendants for Doe Supervisor 1 and the Doe officers once discovery confirms their identities and roles. Under Fed. R. Civ. P. 33(b)(2), a party has 30 days

after service to answer interrogatories. Even if Plaintiff serves interrogatories on November 6, 2026, the thirtieth day falls on Sunday, December 6, 2026, so answers would not be due until Monday, December 7, 2026 (Fed. R. Civ. P. 6(a)(1)(C)), one day before Defendants' proposed deadline. Defendants' responses to Plaintiff's requests for production are due November 30, 2026, which leaves no time to resolve any dispute over them before December 8, 2026. Plaintiff asks the Court to set March 1, 2027 as the deadline to seek leave to amend to substitute Doe defendants, as proposed in Section 5 of Plaintiff's Separate Case Management Statement.

**5. DEFENDANTS' PROPOSED SCHEDULE**

(a) Fact discovery cutoff. Defendants propose May 30, 2027. That date is a Sunday, and the following day, Monday, May 31, 2027, is Memorial Day, a legal holiday.

(b) Changes from Defendants' own earlier proposal. Defendants' November 4, 2026 statement (Dkt. 45) moves every date earlier than Defendants proposed in their October 6, 2026 statement (Dkt. 39), and gives no reason for the change:

Last day of fact discovery: July 23, 2027 (Dkt. 39); May 30, 2027 (Dkt. 45).

Last day for dispositive motions to be heard: November 10, 2027 (Dkt. 39); September 15, 2027 (Dkt. 45).

Pretrial conference: December 20, 2027 (Dkt. 39); September 29, 2027 (Dkt. 45).

First day of trial: January 17, 2028 (Dkt. 39); October 15, 2027 (Dkt. 45).

(c) Dispositive motions. Defendants propose September 8, 2027 as the last day to file dispositive motions and September 15, 2027 as the last day for them to be heard, seven days apart. Civil L.R. 7-2(a) requires that a motion be noticed for hearing not less than 35 days after it is filed.

(d) Plaintiff's request. Plaintiff asks the Court to adopt the schedule proposed in Section 16 of Plaintiff's Separate Case Management Statement, including that no motion for summary judgment be heard before the close of fact discovery.

**6. LEGAL ISSUES (DKT. 45, SECTION III)**

Section III of Defendants' statement lists as issues "[w]hether Plaintiff has failed to state a constitutional claim against the City of San Jose" and "[w]hether Plaintiff has failed to state a ratification claim against any supervisor." The Court has already ruled on the sufficiency of

Plaintiff's pleadings. In its July 22, 2026 order (Dkt. 35), the Court held that Plaintiff's Monell claims against the City survive based on ratification and policy as evidenced by the October 2023 incident, directed that Count Three (supervisory liability) proceed against Doe Supervisor 1, and ordered Defendants to answer the Second Amended Complaint. Defendants answered on September 8, 2026 (Dkt. 38).

**7. EVIDENCE PRESERVATION (DKT. 45, SECTION VI)**

Section VI of Defendants' statement says that Defendants "have preserved all evidence related to issues in this lawsuit that was in their possession at the time of filing." It does not say which filing it refers to. Plaintiff asks that Defendants confirm whether any body-worn camera recordings of the October 15, 2023 incident were deleted, overwritten, or otherwise lost before Plaintiff filed this action on October 14, 2025.

I declare under penalty of perjury under the laws of the United States of America that Exhibits A and B are true and correct copies of what they purport to be. Executed on November 5, 2026, at San José, California.

Dated: November 5, 2026

George Verdugo
Plaintiff, Pro Se

# EXHIBIT A

CITY ATTORNEY
CITY OF SAN JOSE
OCT 22 2026
RECEIVED

GEORGE VERDUGO
2984 Almond Drive
San Jose, CA 95148
Telephone: (408) 401-5636
Email: georgeverdugo@gmail.com
Plaintiff, Pro Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GEORGE VERDUGO,

Plaintiff,

v.

CITY OF SAN JOSE; OFFICER ROCHA (#5077); OFFICER LEGLU; and DOES 1-10,

Defendants.

Case Number: 5:25-cv-08776-SVK

PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

Judge: Hon. Susan van Keulen

Plaintiff George Verdugo, appearing pro se, makes the following initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(A). The parties held their Rule 26(f) conference on October 8, 2026, and agreed to exchange initial disclosures by October 22, 2026 (Dkt. 43 ¶ 4). These disclosures are based on information reasonably available to Plaintiff at this time. No documents have yet been produced in discovery, and Plaintiff will supplement or correct these disclosures as required by Rule 26(e), including when the identities of the Doe Defendants are learned. By making these disclosures, Plaintiff does not waive any objection, including objections as to relevance, privilege, or admissibility. Identifying an individual or a category of documents is not an admission that the information is relevant or admissible.

CITY ATTORNEY
CITY OF SAN JOSE
OCT 22 2026
RECEIVED

**PROOF OF SERVICE BY PERSONAL DELIVERY**

I, George Verdugo, declare: I am over 18 years of age and the plaintiff in this action. My address is 2984 Almond Drive, San Jose, CA 95148.

On October 22, 2026, I served the following document:

**PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**

by personally delivering a copy to the office of counsel for Defendants and leaving it with a clerk or other person in charge, under Federal Rule of Civil Procedure 5(b)(2)(B)(i), addressed as follows:

Brian J. Loftus, Chief Deputy City Attorney
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San Jose, CA 95113
Attorneys for Defendants

Name or description of the person who received the document:

Joan O'Keefe Time of delivery: 2:59 p.

On the same date, I also emailed a courtesy copy to Mr. Loftus at brian.loftus@sanjoseca.gov.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 22, 2026, at San Jose, California.

George Verdugo

PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1) Case Number: 5:25-cv-08776-SVK
6

# EXHIBIT B

11/4/26, 7:11 PM Gmail - RE: Verdugo Joint CMC

Gmail George Verdugo <georgeverdugo@gmail.com>

## RE: Verdugo Joint CMC

1 message

**Loftus, Brian** <Brian.Loftus@sanjoseca.gov> Tue, Nov 3, 2026 at 4:19 PM
To: "georgeverdugo@gmail.com" <georgeverdugo@gmail.com>
Cc: "Touba, George" <George.Touba@sanjoseca.gov>, "Spencer, Meagan" <Meagan.Spencer@sanjoseca.gov>

Mr. Verdugo,

Please find attached the CMC Statement. I added the language and changed the Plaintiff's proposed schedule per your request. With your permission we can add your signature and file with the Court.

Brian Loftus

Chief Deputy City Attorney

Office of the City Attorney

200 E. Santa Clara St., 15th Floor | San Jose, CA | 95113-1905

Direct Line: 408.535.1907 | Fax: 408.998.3131

NOTICE TO RECIPIENT: This communication is intended for the person to whom it is addressed and may be protected by law. If you receive this in error, any review, use, dissemination, distribution, or copying is strictly prohibited. Please notify us of the error immediately and delete this communication and any attached documents from your system. Thank you for your cooperation.

**Verdugo Joint CMC Statement DRAFT-City edits.doc**
43K

https://mail.google.com/mail/u/0/?ik=3092fda24a&view=pt&search=all&permthid=thread-f:1880884884038673517&simpl=msg-f:1880884884038673517 1/1

SUSANA ALCALA WOOD, City Attorney (156366)
ARDELL JOHNSON, Assistant City Attorney (95340)
BRIAN LOFTUS, Chief Deputy City Attorney (300887)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for Defendants City of San Jose, Officer Rocha #5077, and Officer Leglu

GEORGE VERDUGO
2984 Almond Drive
San Jose, CA 95148
Telephone: (408) 401-5636
Email: georgeverdugo@gmail.com

Plaintiff, Pro Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GEORGE VERDUGO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, OFFICER ROCHA #5077, and OFFICER LEGLU, et al, and DOES 1-10, inclusive,<br><br>Defendants. | Case Number: 5:25-CV-08776-SVK<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date: November 10, 2026<br>Time: 9:30 a.m.<br>Courtroom: Zoom<br>Judge: Hon. Susan van Keulen |

Evidence.com (or equivalent) audit logs, the 911 audio, radio traffic, and complete CAD records, and identification of any such record that no longer exists.

*Defendants' Statement*

The Defendants have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). Defendants have preserved all evidence related to issues in this lawsuit that was in their possession at the time of filing.

**7. DISCLOSURES**

The Parties exchanged Rule 26(a)(1) initial disclosures on October 22, 2026, as stipulated (Dkt. 43 ¶ 4). Plaintiff served his disclosures by hand delivery to the City Attorney's Office. Defendants served their disclosures with a document production Bates-numbered SJ0001–SJ0979, consisting of the incident report, CAD records, a 21-second audio file, and the SJPD Duty Manual. Plaintiff will supplement his disclosures under Rule 26(e).

**8. DISCOVERY**

No formal discovery requests have yet been served. Defendants' production did not include body-worn camera footage, although Defendants' own CAD records reflect body-worn camera activation. On October 22, 2026, Plaintiff sent Defendants a meet-and-confer letter regarding the body-worn camera footage, the applicable retention schedule, the 911 audio, radio traffic, and cross-referenced CAD events, and requested a written response by October 29, 2026. As of October 29, 2026, Plaintiff has not received a response. Plaintiff anticipates seeking: body-worn camera, CAD/dispatch, radio, and 911 recordings in native format, with metadata and audit logs; documents and interrogatories concerning the identity and role of each responding officer and supervisor and the factual basis for Defendants' account of the incident; depositions of Officer Rocha, Officer Leglu, Officer Alvarez, Sergeant McClure, and Officer Jaycox; and a Rule 30(b)(6) deposition of the City on its consent-based home-entry practices and supervisory review. Plaintiff does not propose changes to the limits on discovery set by the Federal Rules and proposes no phasing. Plaintiff is willing to discuss a stipulated protective order.

## PROOF OF SERVICE

I, George Verdugo, declare: I am the Plaintiff in this action. My address is 2984 Almond Drive, San Jose, CA 95148.

On November 5, 2026, I served the following document: PLAINTIFF'S RESPONSE TO DEFENDANTS' CASE MANAGEMENT STATEMENT (DKT. 45), with Exhibits A and B, on the person below:

Brian Loftus, Chief Deputy City Attorney
Office of the City Attorney, City of San Jose
200 East Santa Clara Street, 16th Floor
San Jose, CA 95113

☒ By personal delivery, by leaving it at the attorney's office with a clerk or other person in charge (Fed. R. Civ. P. 5(b)(2)(B)(i)).

☐ By mail, by placing a true copy in a sealed envelope, with first-class postage fully prepaid, and depositing it in the United States mail at San Jose, California (Fed. R. Civ. P. 5(b)(2)(C)).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 5, 2026, at San Jose, California.

______________________________
George Verdugo
Plaintiff, Pro Se